**UNITED STATES FIDELITY & GUARANTY CO.**

v.

**Joseph W. MONTGOMERY, ind. and t/a Montgomery Construction Company.**

**Civ. A. No. 22099.**

United States District Court
E. D. Pennsylvania.

Oct. 14, 1957.

Lloyd B. White, Jr., Upper Darby, Pa., for plaintiff.

Robert H. Arronson, Philadelphia, Pa., for defendant.

EGAN, District Judge.

Plaintiff, a Maryland corporation, sued the individual defendant who lives in and has his principal place of business in Delaware County, Pennsylvania, in the Common Pleas Court of that County, to recover commissions in excess of $3,000, exclusive of interest and costs.

The defendant removed the case to this Court after having complied with the necessary procedural requirements.

The plaintiff filed a motion to remand and the matter is now before the Court on that motion, after the consideration of briefs and oral argument.

The motion to remand will be granted.

Removal actions are governed by Section 1441 of the Judicial Code of 1948, 28 U.S.C. § 1441. Subsection (b) is applicable to the instant case:

> "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*" (Emphasis supplied.)

The law in this situation is well settled. The statute clearly indicates that a defendant, seeking federal jurisdiction on diversity grounds, can only have his case removed to the Federal Courts where he is a non-resident of the State wherein the action was brought. Pneff v. Boneff, D.C.W.D.Mo. 1952, 104 F.Supp. 669, a case on all fours with the instant situation, so held. Ronson Art Metal Works v. Comet Import Corp., D.C.S.D.N.Y.1952, 103 F.Supp. 531; Old Reading Brewery v. Lebanon Valley Brewing Co., D.C.M.D.Pa.1952, 102 F.Supp. 434; Arcady Farms Milling Co. v. Northcutt, D.C.E.D.S.C.1949, 87 F. Supp. 373; 76 C.J.S. Removal of Causes § 201.

Having been removed here improperly in the first place, the action must now be remanded to the State Court.

Counsel will present an appropriate order.