**UNITED STATES of America**

v.

**Elder DORN, Jr., Defendant.**

**Crim. No. 469–55.**

United States District Court
District of Columbia.

Jan. 19, 1959.

Oscar Altshuler, Asst. U. S. Atty., Washington, D. C., for the Government.

Ernest M. Shalowitz, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

This matter came on for hearing on defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255.

On June 9, 1955, the petitioner was found guilty of robbery after a two-day trial and on June 24, 1955, he was sentenced to a term of three to nine years. Petitioner had previously been convicted on a plea of guilty to housebreaking and larceny. On July 3, 1952, he was given a suspended sentence of one to three years. Probation in that case was revoked when sentence was rendered in the instant case, and since the two sentences were ordered to run consecutively, petitioner's total sentence became four to twelve years.

On July 31, 1958, petitioner filed this motion to set aside his sentence. Several allegations were raised, all of which the Court held could not be heard under § 2255 with the exception of the allegation that petitioner had been denied the effective assistance of counsel at his trial in June, 1955. Specifically, petitioner alleged that defense counsel had failed to subpoena two witnesses who would have established petitioner's alibi. A hearing was granted on this allegation.

After hearing testimony and argument of counsel, and having carefully examined the motion and the files and records of the case, including a careful study of the transcript of the trial as well as the transcript of the hearing, the Court makes the following

### Findings of Fact.

1. Petitioner's sole defense in denying participation in the robbery was that he was not at the place where the robbery occurred at the time that it happened. From the testimony, the time of the robbery is not clear. It occurred sometime between 10:30 P.M. and 11:30 P.M. Defense counsel was fully aware that Dorn believed his sister, Mrs. Louise Griffey, and his sister's friend, Mr. Phillip Bush, if called, would testify that he, Dorn, arrived home about 10:30 P.M. on the night in question. Dorn testified during the first day of the trial that these two witnesses were at home when he arrived; the questions propounded to Dorn by the prosecution concerning these two witnesses served to indicate that the prosecution would make a point of the absence of these two witnesses, and this in fact was done in the closing argument of the prosecution. Defense counsel also discussed these missing witnesses in his closing argument and explained that he did not believe their testimony would have been relevant since the facts were not "on any split second basis" and since the witnesses might have just confused the jury. Furthermore, defense counsel stated at the hearing on the motion that his trial notes contained the name "Mrs. Louise Griffey". Therefore, it is clear to the Court that trial counsel knew of these two witnesses. However, they were not called to testify.

2. Three witnesses, not related to the defendant, testified at the trial that the defendant boarded a bus shortly before the robbery. Defense counsel apparently believed this testimony to be more persuasive in establishing the alibi than the testimony of the two missing witnesses, whose testimony would have been, in any event, cumulative in nature.

3. Defense counsel knowingly failed to call Mrs. Griffey and Mr. Bush because he did not feel that their testimony was sufficiently relevant and significant to counteract the bias that presumably would have attached to it. Furthermore, a letter written to defense counsel by the defendant shortly after the trial indicates that the illness of Mrs. Griffey's children was a factor in not summoning Mrs. Griffey from her home. Defendant did not criticize defense counsel in this letter, but rather suggested that the reason Mrs. Griffey and Mr. Bush did not appear in court was because of the illness of Mrs. Griffey's children. The Court believes that the defendant fully acquiesced in his defense counsel's decision not to call these two witnesses and that the present allegation of ineffectiveness of counsel is an afterthought on defendant's part.

4. The failure to call Mrs. Griffey and Mr. Bush was the result of an exercise of judgment by defense counsel.

### Conclusions of Law.

1. A failure to call two witnesses to testify to an alibi does not constitute ineffective assistance of counsel where the failure is due to trial counsel's judgment concerning the trial tactics to be employed. Edwards v. United States, 1958, 103 U.S.App.D.C. 152, 256 F.2d 707; Mitchell v. United States, D. C.Cir., 1958, 259 F.2d 787, certiorari denied 79 S.Ct. 81.

2. The defendant-petitioner had the effective assistance of counsel at his trial in June, 1955.

Motion denied. An order to that effect has this day been rendered.