Sheila **HOLLOWAY** et al., Plaintiffs,

v.

**GAMBLE–SKOGMO, INC.**, et al.,
Defendants.

**GAMBLE–SKOGMO, INC.**, Third-Party

Plaintiff,

v.

**UNITED STATES RUBBER COMPANY,**
Third-Party Defendant.

**No. 67 C 499.**

United States District Court
N. D. Illinois, E. D.

Oct. 25, 1967.

Berry & O'Conor, Ottawa, Ill., Peterson, Johnson & Martin, Princeton, Ill., for plaintiff.

Chadwell, Keck, Kayser, Ruggles & McLaren, Chicago, Ill., for defendant, Uniroyal.

Howard, French & Healy, Chicago, Ill., for defendant, Gamble-Skogmo.

## OPINION

NAPOLI, District Judge.

Plaintiffs, who are all Illinois citizens, commenced this action in the Circuit Court of LaSalle County, Illinois, against Gamble-Skogmo, Inc., a Minnesota corporation, seeking to recover in excess of $10,000 for personal injuries allegedly caused by a defective automobile tire sold by Gamble-Skogmo to one of the plaintiffs. Shortly after filing of the complaint, plaintiffs filed an amended complaint, with leave of court, making similar allegations against defendant Bruce E. Bauter, an Illinois citizen. Meanwhile, Gamble-Skogmo filed a third party complaint against Uniroyal, a New Jersey Corporation, alleging that the tire in question was manufactured by Uniroyal, that if there was any negligence on the part of Gamble-Skogmo, this negligence was passive in nature, and that the negligence, if any, which caused the plaintiffs' injuries was that of Uniroyal. The third party complaint in its prayer for relief demands judgment against Uniroyal for all sums which may be adjudged against Gamble-Skogmo in the main action.

Uniroyal promptly filed a petition for removal of the entire controversy to the United States District Court for the Northern District of Illinois. The cause

is now before this court on plaintiff's motion for remand.

Uniroyal contends that this case is properly removable under 28 U.S.C. § 1441(c), which provides:

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

■ Removal statutes have always been strictly construed against allowing removal to the federal courts. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). When Section 1441(c) was amended to its present form in 1948, it was interpreted to restrict even further the right of removal. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Before the 1948 revision, "removable controversy" was interpreted as any possible action that a litigant might properly bring in a federal court so long as it was between citizens of different states. Whenever a suit in a state court had such federally cognizable controversy, the entire suit might be removed to the federal court. Barney v. Latham, 103 U.S. 205, 26 L.Ed. 514 (1880).

By its 1948 revision to the removal statute, Congress added one further requirement to the right of removal: not only must a suit be removable if sued upon alone, but it must be a "separate and independent claim or cause of action" joined with another non-removable claim. Commenting upon the significance of this new language in the removal statute, the Supreme Court in American Fire & Casualty Co. v. Finn, supra, said:

A separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent claim or cause of action. [citations] Congress has authorized removal now under § 1441(c) only when there is a separate and independent claim or cause of action. Of course, "separate cause of action" restricts removal more than "separable controversy." In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies. *The addition of the word "independent" gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal.* 341 U.S. at 11–12, 71 S.Ct. at 538. (emphasis added).

Under even the most liberal rules of third party practice, parties are not properly joined unless there is some question of law or fact common to all of them, and some claim asserted for or against all arising out of a single transaction or occurrence or series of related transactions or occurrences.[1] Third party complaints are not separate and independent of plaintiff's complaint, but are in whole or in part dependent thereon.

■ In the case at bar, it is apparent that the third party complaint is completely dependent upon the main action. Defendant Gamble-Skogmo makes no claim against Uniroyal other than for indemnification for sums adjudged against it and in favor of plaintiff. Unless and until a judgment is entered for plaintiff, Gamble-Skogmo can recover nothing from Uniroyal. Where there is but one actionable wrong contained in a complaint, although separable controversies may ensue as a consequence thereof, no right of removal exists. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534 (1951). Similar considerations could be advanced for denying removal under 1441 (c) to mandatory counterclaims, cross-

---

1. In Illinois, a defendant may file a third party complaint against "a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." Ill.Rev.Stat. Ch. 110 § 25(2). Rule 14, Federal Rules of Civil Procedure, is identically worded.

claims and claims of intervenors. Indeed Professor Moore

> * * * (does) not believe that any claim introduced into the action by counterclaim, crossclaim, third party claim, intervention, or garnishment should afford the basis for removal. (Moore's Commentary on U.S. Judicial Code, Par. 0.03 (37), page 252.)

The cases since American Fire & Casualty Co. v. Finn, supra, seem to be moving in the direction of adopting Professor Moore's interpretation. Several cases have directly held, in remanding third party actions for indemnity to the state courts, that removal under 28 U.S.C. § 1441(c) is limited to situations where joinder of claims or parties has been by plaintiff only. Rager v. Crampes, 223 F. Supp. 346, 347 (D.C., 1963); White v. Baltic Conveyor Company, 209 F.Supp. 716 (D.C., 1962); Shaver v. Arkansas-Best Freight System, Inc., 171 F.Supp. 754 (D.C., 1959). Other courts have reached the same result by finding that a third party complaint for indemnity is not "separate and independent" from plaintiff's action, within the meaning of the removal statute. Texas Plumbing Co. v. Zurn Industries, Inc., 169 F.Supp. 144 (D.C., 1958); Manternach v. Jones Country Farm Service Company, 156 F. Supp. 574 (D.C., 1957). A reading of these cases leaves the impression that it is difficult to imagine a third party complaint which is not "dependent" on the main cause of action, since under even the most liberal state third party practice, a close relation between the third party claim and the case in chief is a minimal requirement.

In view of the policy of placing narrow constructions upon statutes conferring removal jurisdiction in the federal courts, it is not at all unreasonable to limit removals under 28 U.S.C. § 1441 (c) to those cases where "separate and independent" causes of action have been "joined" by the original plaintiff. Plaintiff alone has the original choice of forum. Removal jurisdiction was in part intended to allow a defendant sued in a state court foreign to him to choose the federal forum in that district if he wishes. Removal jurisdiction was created as a check on the power a plaintiff would otherwise have to force a defendant to litigate an action over which original federal jurisdiction exists, in whichever state forum plaintiff chooses, subject only to the requirements of jurisdiction over the person. If a defendant wishes to take advantage of the opportunity afforded by the liberal third party practice rules in effect in many state jurisdictions today, with the consequent savings of multiple trials involving similar or identical issues of fact and law, he must bring his third party action in a forum he has not chosen. True, he could bring an independent action against the third party defendant elsewhere, in the forum of his choice. But he would then lose the advantage of settling, at a single trial, the ultimate liability for plaintiff's injuries. Multiple trials involving identical questions of fact and law are not only wasteful of expense and effort, but separate trials may run the risk of inconsistent resolution of identical questions of fact or law, even under expanding concepts of collateral estoppel.

No such considerations exist where a third party plaintiff impleads a third party defendant. Where the original cause of action is non-removable owing to absence of complete diversity, as in the case at bar, the original defendant, when he acts as third party plaintiff, does not have unlimited choice of forum, as the original plaintiff had. In many instances, a defendant-third party plaintiff is fortunate if he can achieve service of process over the third party defendant, since the forum chosen by the original plaintiff may not have jurisdiction over the person of the third party defendant.

It is not unreasonable to assume that Congress was aware of these policy considerations, and that Congress therefore intended to treat a defendant, brought in by a plaintiff who had absolute discretion in choice of forum, differently from a third party defendant brought in by a party who, by being named original defendant, had no part in naming the

state forum. It is quite reasonable to assume that Congress intended to allow only the former class of defendants the right to remove.

It is the view of this court that where an action not within original federal jurisdiction is brought in the state courts, introduction of a third party claim, even assuming that the claim is removable if sued upon alone, does not make all or any part of the action removable under 28 U.S.C. § 1441(c).

An appropriate order will enter.