GREATER NEW YORK MUTUAL IN-
SURANCE COMPANY

v.

ANCHOR CONSTRUCTION CO., Inc. and
Lasker-Goldman Corporation.

Civ. A. No. 69-957.

United States District Court,
E. D. Pennsylvania.

March 29, 1971.

Leon H. Kline, Philadelphia, Pa., for plaintiff.

Wm. G. Malkames, Allentown Pa., for defendant.

Pepper, Hamilton & Scheetz, Philadelphia, Pa., for third-party defendant, Lasker-Goldman.

## OPINION

TROUTMAN, District Judge.

This is an action for an alleged breach of contract to pay certain premiums for a policy of workmen's compensation insurance. Presently before the Court is plaintiff's motion to remand the action to the Pennsylvania State Courts pursuant to 28 U.S.C. § 1447(c). The mat-

ter had previously been removed to this Court under 28 U.S.C. § 1441(c). At issue here is the interesting question of the removal rights of third-party defendants. This question has, to the extent of our research, not been the subject of written opinion by any court in this District or by the Third Circuit. The pertinent facts are as follows:

Plaintiff, Greater New York Mutual Insurance Company, (hereafter "Greater New York Mutual") is a New York corporation with its principal place of business in New York. Plaintiff instituted an action in assumpsit in the Common Pleas Court of Lehigh County, Pennsylvania solely against defendant, Anchor Construction Company, Inc. (hereafter "Anchor"), a Pennsylvania corporation with its principal place of business in Pennsylvania. In the principal action, plaintiff seeks to recover $16,491.84, representing alleged unpaid premiums for a policy of workmen's compensation insurance issued by plaintiff to defendant in connection with a construction project at New Paltz, New York.

Defendant's answer admitted non-payment of the premiums. However, it denied liability to plaintiff and alleged as "New Matter" under Pennsylvania practice, that the insurance related to work performed by Anchor as a subcontractor of Lasker-Goldman Corporation ("Lasker-Goldman"), a New York corporation with its principal place of business in New York. It was further alleged that Greater New York Mutual, Anchor and Lasker-Goldman orally agreed among themselves that the insurance premiums payable by Anchor would be deducted by Lasker-Goldman from progress payments due to Anchor and would be paid by Lasker-Goldman to New York Mutual.

Anchor then joined Lasker-Goldman as an "additional defendant" under Pennsylvania practice. Specifically, in paragraphs 6 and 7 of Anchor's third-party complaint against Lasker-Goldman, defendant alleges that all three parties agreed among themselves that the premiums due for the insurance in issue would be paid by Lasker-Goldman rather than by Anchor. Consequently, according to Anchor's third-party complaint, Lasker-Goldman would be either solely responsible or jointly and/or severally liable to plaintiff for the insurance payments.

The initial issue before this Court is the perplexing problem of whether a third-party defendant may remove under the Federal removal statute. If he may, we must, secondly, determine if removal is proper in the instant case; that is, whether there exists a "separate and independent claim" within the meaning of 28 U.S.C. § 1441(c).

Lasker-Goldman in seeking to sustain the removal relies upon 28 U.S.C. § 1441(c) which provides as follows:

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion may remand all matters not otherwise within its original jurisdiction."

Lasker-Goldman argues that the claim asserted against it by the original defendant Anchor constitutes a "separate and independent claim" which would have been removable if sued upon alone since there is more than $10,000.00 in controversy and there is diversity of citizenship between Anchor (Pennsylvania) and itself (New York). It is argued that there is a separate contract between Anchor and Lasker-Goldman which must be proved by facts, transactions and occurrences totally distinct from those supporting the claim of Greater New York Mutual against Anchor. Additionally, Lasker-Goldman contends that it should not be precluded from removal by the fortuity that it was joined as a third-party defendant rather than as an

original defendant, especially where the plaintiff's original claim against the defendant is within the Federal diversity jurisdiction[1] and where the third-party claim of defendant against Lasker-Goldman would be removable if sued upon alone.

Plaintiff, on the other hand, relies upon the view held by Professor Moore[2] that the removal statute does not permit removal by third-party or "ancillary" defendants. Furthermore, plaintiff contends that in any event no separate and independent claim is asserted which could make this a removable case.

The resolution of the instant question is indeed not simple[3]. The cases are directly in conflict and cannot realistically be distinguished and reconciled[4].

■ The right to remove a case from State to Federal Court is a purely statutory right unknown to the common law and is dependent for its existence upon the will of Congress. 1 Barron & Holtzoff, Federal Practice & Procedure § 101, pp. 455–56 (Rules Ed.1960). Our analysis of the instant case, therefore, must be guided by principles of strict statutory construction and by the underlying policy considerations relating to removal.

The policy to narrow the right to removal and constrict rather than expand the scope of Federal jurisdiction is evident. See American Fire & Casualty Co. v. Finn. 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). In 1875 the right to removal, at least in Federal question cases, was granted to "either party". However, the Judiciary Act of 1887–1888, restricted this broad rule to allow removal only by a "defendant or defendants". See Tennessee v. Union & Planters Bank, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511 (1894). Mr. Justice Roberts in St. Paul Mercury Indemnity v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938) noted that in diversity cases "[t]he intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts". See also McSparran v. Weist, 402 F.2d 867 (3rd Cir. 1968) cert. denied 395 U.S.

1. If plaintiff had chosen a Federal forum the original suit would be one appropriately within the Federal realm because there is diversity of citizenship and the requisite jurisdictional amount is in controversy. Since the original action was instituted in a State forum, however, the case is not removable because the defendant Anchor is a Pennsylvania corporation and is precluded from removing under 28 U.S.C. § 1441(b). T. C. Morrow Drilling Co. v. Javelin Oil Co., 268 F.Supp. 119 (D.La.1967); U. S. Fidelity & Guaranty Co. v. Montgomery, 155 F.Supp. 657 (E.D.Pa.1957); Pneff v. Boneff, 104 F.Supp. 669 (D.Mo.1952).

2. See 1A Moore's Federal Practice, ¶ 0.163 [4.–6] at p. 781 and ¶ D. 167 [10] at pages 1048–53. Professor Moore espouses the view that § 1441(c) applies only to claims joined by a plaintiff and not to third-party claims. Professor Moore's viewpoint is principally premised upon a strict statutory construction based upon the absence of express statutory language permitting a third-party defendant to remove. 1A Moore's Federal Practice ¶ 0.167 [10] at p. 1053.

3. One judge has commented that "it is not an exaggeration to say at least on the surface the field luxuriates in a riotous uncertainty". Harper v. Sonnabend, 182 F.Supp. 594, 595 (S.D.N.Y.1960).

4. The following cases share the views of Professor Moore: Holloway v. Gamble-Skogmo, Inc., 274 F.Supp. 321 (N.D. Ill.1967); White v. Baltic Conveyor Co., 209 F.Supp. 716 (D.N.J.1962); Burlingham Underwood, Barron, Wright & White v. Luckenbach S.S. Co., 208 F.Supp. 544 (S.D.N.Y.1962); Shaver v. Arkansas-Best Freight System, Inc., 171 F.Supp. 754 (W.D.Ark.1959); Sequoyah Feed & Supply Co. v. Robinson, 101 F.Supp. 680 (W.D.Ark.1951).

Exemplary of cases of a contrary view are: Coleman v. A & D Machinery Co., 298 F.Supp. 234 (E.D.Cal.1969); Industrial Lithographic Co. v. Mendelsohn, 119 F.Supp. 284 (D.N.J.1954); McMahon v. City of Troy, 122 F.Supp. 555 (N.D.N.Y. 1954); President & Directors of Manhattan Co. v. Monogram Associates, 81 F.Supp. 739 (E.D.N.Y.1949); Rafferty v. Frock, 135 F.Supp. 292 (D.Md.1955).

903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969).

In the latest revision of Section 1441(c) in 1948, Congress, by adopting the term "separate and independent claim" as the test for removability under Section 1441(c) in lieu of the prior language, "separable controversy", clearly evidenced an intent to further limit the right to removal from State courts. See American Fire & Casualty Co. v. Finn, *supra*, 341 U.S. at page 16, 71 S. Ct. 534. Clearly, therefore, the removal statute must be strictly and narrowly construed to effectuate the salutory policy of restricting the Federal removal jurisdiction. Proteus Foods & Industries, Inc. v. Nippon Reizo Kabushiki Kaisha, 279 F.Supp. 876 (D.C.N.Y.1967).

Additionally, we must give effect to the accepted doctrine of declining jurisdiction in doubtful cases. See *e. g.* Sequoyah Feed & Supply Co. v. Robinson, 101 F.Supp. 680 (W.D.Ark.1951); Barnett v. Faber, Coe & Gregg, Inc., 391 F.Supp. 178 (D.C.N.Y.1968); Young Spring & Wire Corp. v. American Guarantee & Liability Ins. Co., 220 F.Supp. 222 (D.Mo.1963); Glucksman v. Columbia Broadcasting System, Inc., 219 F. Supp. 767 (D.Cal.1963).

Lasker-Goldman argues that by its own language, Section 1441(c) is not limited by the use of the word "defendant" or "defendants" and consequently the right to remove an alleged separate and independent claim is broader than that granted in Section 1441(a). However, we must construe Section 1441 as a whole and as such, Section 1441(c) must receive its vitality from the general removal section, 1441(a) which grants the right to removal to a "defendant or defendants". So construed, removal by a defendant rather than by a third-party defendant is a logical limitation on Section 1441(c). Lasker-Goldman is not, we assume, contending that a plaintiff may remove under Section 1441(c).

Lasker-Goldman further argues, and not without appealing logic and persuasion, that as a third-party defendant or "additional defendant" it stands in a no different position than one who was joined originally as a defendant. Like an original defendant, a non-resident third-party defendant does not choose to litigate in the foreign forum and, it is argued, should not, therefore, be precluded from removing by the mere fortuity that it was joined as a third-party instead of as an original party.

This argument, while appealing as a matter of logic, does not overcome the policy considerations which militate against judicial expansion of removal jurisdiction. The Reviser's notes to the removal statute clearly indicate that the argument that there is local prejudice against non-resident litigants has in great part fallen by the wayside:

"All the provisions with reference to removal of controversies between citizens of different States because of inability, from prejudice or local influence, to obtain justice, have been discarded. These provisions, born of the bitter sectional feelings engendered by the Civil War and the Reconstruction period, have no place in the jurisprudence of a nation since united by three wars against foreign powers. Indeed, the practice of removal for prejudice or local influence has not been employed much in recent years." Reviser's Notes, 28 U.S.C. § 1441 at pp. 2–3.

Furthermore, we are persuaded by Professor Moore's analysis that Section 1441(c) is also limited to claims joined by the plaintiff. See 1A Moore's Federal Practice, ¶ 0.163 [4.–6] at p. 781 (2d Ed.1965); Sequoyah Feed & Supply Co. v. Robinson, 101 F.Supp. 680 (W.D.Ark.1951); Shaver v. Arkansas-Best Freight System, 171 F.Supp. 754 (W.D.Ark.1959). This position is consistent with the well-established rule that the existence of a removable separate and independent claim or controversy is to be determined from the well-pleaded allegations of the plaintiff's

complaint. Herrmann v. Braniff Airways, Inc., 368 F.Supp. 1094 (D.C.N.Y. 1969); Arthur v. Fry, 300 F.Supp. 620 (D.Tenn.1969). See the numerous cases cited in Annot. 28 U.S.C. § 1441 n. 281 at pp. 206–207. This position does service to the congressional intent to limit the scope of removal jurisdiction and is consistent with the factual patterns of the various cases which apparently gave rise to the statutory change in 1948.[5] See e. g. American Fire and Casualty Co. v. Finn, *supra*; Texas Employers' Ins. Assn. v. Felt, 150 F.2d 227 (5th Cir. 1945); Baltimore Gas & Elec. Co. v. United States Fidelity & Guaranty Co., 159 F.Supp. 738 (E.D.Md.1958).

Moreover, as a practical matter, if we should accept a third-party removal, we could, under Section 1441(c), remand the original non-removable matter to the State Court from which it originated and retain the third-party claim. However, by doing so we would defeat the sound judicial policy of securing the just, speedy, and inexpensive termination of lawsuits. Fed.R.Civ.P. Rule 1. See White v. Baltic Conveyor Co., 209 F.Supp. 716 (D.N.J.1962). It is far better if one court controls the entire lawsuit so that there is consistency and uniformity of result and so that meaningful settlement of the entire suit may be effected. Piecemeal resolution of related issues by different forums is unsuitable to the ends of substantial justice.

Consequently, we are in agreement with Professor Moore and those cases which hold that 28 U.S.C. § 1441(c) does not permit removal by third-party defendants.

Additionally, although we need not specifically decide this issue, we find that the claim here asserted by Anchor against Lasker-Goldman is not a separate and independent claim which would be removable under Section 1441(c). The alleged contract of oral guarantee here was made by and among all three parties according to the third-party complaint in the State Court litigation. The third-party complaint alleges that Lasker-Goldman is either solely liable to Greater New York Mutual or that it is jointly and/or severally liable. Considering the confused history of removal of "separable controversies" and the congressional intent to limit removal rights, we are constrained to hold that separate and independent claims are not stated. American Fire & Casualty Co. v. Finn, *supra*. Here the third-party plaintiff either shares the liability or "forward passes" the liability to the third-party defendant. White v. Baltic Conveyor Co., *supra*, 209 F. Supp. at 721. In such circumstances, we cannot find that the third-party claims are sufficiently unrelated to the main claims to allow removal.

We, therefore, hold that 28 U.S.C. § 1441(c) does not authorize third-party removal in this case and even if such were permitted, no separate and independent claim is stated which would justify removal of the entire case to this Court.

### ORDER

And now, this 29th day of March, 1971, it is ordered that plaintiff's motion to remand the action to the Common Pleas Court of Lehigh County, Pennsylvania, is granted.

---

5. A plaintiff may, even under liberal state joinder rules, state removable separate and independent claims. See e. g. 1A Moore's Federal Practice, ¶ 0.163 [4.–5] at pp. 708–09 (2d Ed. 1965); Greenshields v. Warren Petroleum Corp., 248 F.2d 61 (10th Cir. 1957); Breslerman v. American Liberty Ins. Co., 169 F.Supp. 531 (E.D.N.Y.1959).