816 F.Supp. 319 (1993)
STERLING HOMES, INC., Plaintiff,
v.
David A. SWOPE and Maria M. Swope, his wife, Defendants,
v.
Mary L. BECKMAN and Springettsbury Township, Third Party Defendants.
Civ. A. No. 1:CV-92-1679.
United States District Court, M.D. Pennsylvania.
March 17, 1993.
John M. Garber, York, PA, for plaintiff.
Clyde W. Vedder, York, PA, for defendants David and Maria Swope.
Donald H. Yost, Blakey, Yost, Bupp & Kilgore, York, PA, G. Thomas Miller, Nancy P. Horn, McNees, Wallance & Nurick, Harrisburg, PA, for third-party defendants Mary L. Beckman and Springettsbury Tp.

MEMORANDUM
RAMBO, Chief Judge.
Before the court is Defendants' motion to remand the captioned action to state court. The matter has been fully briefed and is ripe for disposition.

Background
In 1990, First Party Defendants ("Defendants") purchased Lot No. 3 in Doersam Woods, an eleven lot subdivision in Springettsbury Township, York County, Pennsylvania. There is no public sewer for these lots. On May 21, 1991, Plaintiff and Defendants entered into a construction agreement by which Plaintiff agreed to construct a new home for Defendants on the purchased lot. Before beginning work, Plaintiff applied to Springettsbury Township for a building permit. On June 27, 1991, Beckman, an agent of Springettsbury, issued this permit. However, no request for a sewer permit had been made, and none was issued even though Springettsbury Code § 4-22(e) purportedly provides that: "No building permit shall be issued unless or until any required sewage permits have been issued." Defendants assert that the policy of the Township at this time was to permit the issuance of a building permit upon the showing of a successful "perk and probe test." Defendants also allege that third party defendant Beckman was responsible for this policy.
On July 1, 1991, Plaintiff began building the home. However, Plaintiff's subcontractor excavated a driveway on the only available site for a on-site septic system. Subsequently, the township revoked its building permit because the "[w]ork [had] not been progressing according to the plans submitted, particularly concerning the on-lot sewage system." Plaintiff then ceased construction and Defendants stopped making payments.
Plaintiff brought suit in the Court of Common Pleas in York County alleging that Defendants had breached the construction contract. Defendants subsequently joined third party defendants Mary L. Beckman, the Township planner/zoning officer, and Springettsbury Township, alleging that they violated *320 Defendants' civil and constitutional rights by revoking the building permit.
On November 19, 1992, Third Party Defendants filed a Notice of Removal of the action to this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(c). Defendants then filed the instant motion for remand of this action back to state court.

Discussion

I. Introduction
Defendants assert that the captioned action the combination of the third party and the underlying complaintare non-removable, thus defeating jurisdiction in this court. Consequently, Defendants seek remand of this matter to state court.
Plaintiff's complaint is based wholly on state lawa contract dispute between a contractor and a buyer. The third party claims are based on federal lawclaims pursuant to 42 U.S.C. § 1983, violations of the federal constitution, and a claim under the Fifth Amendment for a purportedly illegal taking without due compensation. Specifically, Defendants assert that Third Party Defendants have deprived them of the following:
(1) The right to be secure in their person and personal effects against improper seizure; (2) the right not to be deprived of property without due process or authority of law and without just compensation being first made or secured; (3) the right not to have their privileges and immunities abridged; (4) the right to equal protection under the law; (5) all rights under 42 U.S.C. § 1983; (6) the right to be free from inverse condemnation; and (7) the right to be free from an unconstitutional taking in violation of the Takings Clause under the Fifth Amendment of the United States Constitution.
(Third Party Complaint at ¶ 14.)
This court must first determine if the captioned action was properly removed from state to federal court. Corwin Jeep Sales & Serv., Inc. v. American Motors Sales Corp., 670 F.Supp. 591, 592 (M.D.Pa.1986) (J. Rambo). If it was not, then the action must be remanded pursuant to 28 U.S.C. § 1447(c). However, even if removal was proper, the court has the discretion to remand those portions of the case in which state law predominates. See 28 U.S.C. § 1441(c).

II. Split Among the Courts
The predominant question in the instant matter is whether a third party defendant may remove a case pursuant to 28 U.S.C. § 1441(c) when federal subject matter jurisdiction lies over the third party complaint but not over the original claims. Courts are irreconcilably divided on the instant issue; as one judge has announced, "it is not an exaggeration to say at least on the surface the field luxuriates in a riotous uncertainty." Harper v. Sonnabend, 182 F.Supp. 594, 595 (S.D.N.Y.1960).
The Third Circuit Court of Appeals has not spoken directly to the question before the court. However, in a case involving a related issue,[1] the Third Circuit favorably discussed third party removal, quoting the court in Mignogna v. Sair Aviation, Inc., 679 F.Supp. 184 (N.D.N.Y.1988) which had stated: "To adopt an inflexible rule barring removal by third party defendants ... would have the curious effect of making a litigant's right to have a claim heard in a federal forum turn on the fortuity of being sued in a third party complaint rather than in a separate action." Thompson v. Wheeler, 898 F.2d 406, 409 (3d Cir.1990) (quoting Mignogna, 679 F.Supp. at 188).
Several district courts within the Third Circuit have decided, and split, on the instant issue. Compare Greater New York Mut. Ins. Co. v. Anchor Constr. Co., 326 F.Supp. 245 (E.D.Pa.1971); White v. Baltic Conveyor Co., 209 F.Supp. 716 (D.N.J.1962); Kaye Associates v. Board of Chosen Freeholders-County of Gloucester, 757 F.Supp. 486 (D.N.J.1991) (third party defendants may not remove action); with Columbia Casualty Co. v. Statewide *321 Hi-Way Safety, Inc., 94 F.R.D. 182, 184 (D.N.J.1982) (third party defendant can remove entire action); with Bond v. Doig, 433 F.Supp. 243 (D.N.J.1977); Industrial Lithographic Co. v. Mendelsohn, 119 F.Supp. 284, 286 (D.N.J.1954); Patient Care, Inc. v. Freeman, 755 F.Supp. 644 (D.N.J.1991) (third party defendants may remove severed, separate, independent claim).
Three circuit courts[2] have decided the instant issue: the Seventh and Eighth Circuits have held that a third party defendant has no removal rights, see Thomas v. Shelton, 740 F.2d 478, 488 (7th Cir.1984); Lewis v. Windsor Door Co., 926 F.2d 729, 733 (8th Cir.1991) while the Fifth Circuit has held to the contrary, see Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury, 622 F.2d 133, 135 (5th Cir.1980).
The majority view among courts is that third party defendants may not remove a case.[3] This view is shared by the leading commentators. See 1A Moore's Federal Practice ¶ 0.167[10] (2d ed. 1993) ("Moore's"); 14A Wright, Miller & Cooper, Federal Practice and Procedure § 3724 at 389 (2d ed. 1985) ("Wright").
The courts in the minority, permitting third-party removal, have done so in varying degrees. A very few have permitted removal of an entire case after finding that the third party complaint provided an independent grounds for jurisdiction.[4] However, most courts permitting third party removal have *322 done so only of the severed part.[5] And several courts have in theory approved third party removal, but within the facts of the particular case, found that the third party claim was not sufficiently separate and independent to permit such removal.[6] The court in Rozumalski v. Pierce, 707 F.Supp. 652, 654 (W.D. NY 1989), sidestepped the issue, first determining that the third party claim was not sufficiently separate from the original claim, thus ordering remand without first determining whether a third party defendant could remove.

III. Arguments For and Against Permitting Removal By Third Party Defendants[7]
Most courts which have held that third party defendants may not remove begin with a statutory analysis. Title 28 U.S.C. § 1441(c) governs the removal of federal question actions from state to federal court and provides:
Whenever a separate and independent claim or cause of action within the jurisdiction conferred by Section 1331 of this title,[8] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.
28 U.S.C. § 1441(c). Three statutory based arguments have prompted courts to disapprove of third party removal.
First, § 1441(c) was passed to restrict the right of removal. See American Fire & Casualty Co. v. Finn, 341 U.S. 6, 10, 71 S.Ct. 534, 538, 95 L.Ed. 702 (1951); Share v. Sears, Roebuck & Co., 550 F.Supp. 1107, 1109 (E.D.Pa.1982); Greater New York Mut. Ins. Co., 326 F.Supp. at 248-49; Cannon v. Goodyear Tire & Rubber Co., 241 F.Supp. 23, 25 (E.D.S.C.1965). Before 1948, when § 1441(c) was passed, removal required merely a separable controversy and diversity.[9]American Fire Casualty Co., 341 U.S. at 10, 71 S.Ct. at 534. However, the 1948 change added the requirement that a removal claim must be "separate and independent" from another nonremovable claim. Id. This required "more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal." Id. at 12, 71 S.Ct. at 539. Two other changes also evidenced legislative intent to restrict removal: the Judiciary Act of 1887-1888 limited removal to defendants, *323 rather than either party, see Greater New York Mut. Ins. Co., 326 F.Supp. at 245, and the recent change in 1990 limited removal under § 1441(c) to those actions in which a federal question claim is joined to the initial action, see Wright, § 3724 at 82 (supp.). These alterations served to limit removal and bolster the restrictive interpretation given to § 1441(c), an interpretation disfavoring third party removal. But see Thomas, 740 F.2d at 488 ("we do not understand why different standards of interpretation should be applied to statutes that restrict previous statutory rights and to statutes that create or expand rights; a maxim that requires the restrictive feature of the new statute to be construed broadly merely risks overcorrection").
Second, a judicial doctrine has developed that in ambiguous cases, a federal court should decline jurisdiction and remand the action to state court. Chase v. North Am. Sys., Inc., 523 F.Supp. 378, 381-2 (W.D.Pa. 1981); Greater New York Mut. Ins. Co., 326 F.Supp. at 248.
Third, case law has established that removal statutes are to be strictly construed. As the court in Chase v. North Am. Sys., Inc., 523 F.Supp. 378 (W.D.Pa.1981) explained:
The right of a party to remove a case from state to federal court is a purely statutory right and, as such, is dependent upon the will of Congress for its continued existence.... Therefore, removal jurisdiction exists in a given case only when that jurisdiction is expressly conferred on the courts by Congress.
Id. at 380 (citations omitted) (emphasis added).
Guided by these principles of strict construction and decline of jurisdiction in ambiguous cases, many courts have reasoned that since § 1441(c) does not expressly authorize removal by third party defendants, this silence requires nonremovability. See id. at 382. As one court has stated, it:
has no desire to deprive any defendant of its right to removal, but is simply of the opinion that the Congress has not created such a right in this instance. The Congress could have done so, but had it so intended, it certainly would have used language more clearly evidencing such an intent. And, in the absence of such language, the court feels compelled to adhere to the accepted doctrine of declining jurisdiction in doubtful cases.
Sequoyah Feed & Supply Co. v. Robinson, 101 F.Supp. 680, 682 (W.D.Ark.1951).
Moreover, § 1441(c) speaks to "joined" claims. Several courts have interpreted this language as applying only to claims of the plaintiff, in line with the pleading practice of joinder, since a third party complaint is not technically joined but is antagonistic to the original claims of the plaintiff. See Thomas, 740 F.2d at 486; Elkhart Coop. Equity Exch. v. Day, 716 F.Supp. 1384, 1387 (D.Kan.1989). Moreover, this approach complies with the general principle of removal doctrine that removability and the existence of a separate and independent claim are to be determined only by reference to the plaintiff's initial pleadings and that a claim is removable only pursuant to a voluntary act of the plaintiff. See, e.g., American Fire and Casualty Co., 341 U.S. at 14, 71 S.Ct. at 534; Greater New York Mut. Ins. Co., 326 F.Supp. at 248; Great N. Ry. Co. v. Alexander, 246 U.S. 276, 280-282, 38 S.Ct. 237, 62 L.Ed. 713 (1918); Weems v. Louis Dreyfus Corp., 380 F.2d 545, 547 (5th Cir.1967); Hopkins Erecting Co. v. Briarwood Apartments, 517 F.Supp. 243, 250 (E.D.Ky.1981); Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983).
On the other hand, § 1441(c) does not expressly prohibit third party defendant removal either. "Construing § 1441(c) to include only claims joined by the plaintiff inserts qualifying language into the statute not placed there by Congress." Ford Motor Credit Co. v. Aaron-Lincoln Mercury, Inc., 563 F.Supp. 1108, 1112 (N.D.Ill.1983). See also Thomas, 740 F.2d at 490 (Swygert, J., concurring in the judgment); Carl Heck Eng'rs, 622 F.2d at 136. As the court stated in Gamble v. Central of Georgia Ry. Co., 356 F.Supp. 324 (M.D.Ala.), rev'd on other grounds, 486 F.2d 781 (5th Cir.1973):
The word "joined" is defined "to become united, associated or combined" or "to bring or put together." This Court sees *324 no reason to apply any other meaning to the word "joined" in its statutory sense. Had Congress intended that the statute be construed to apply only to separate causes of action "joined" by the plaintiff, it could easily have added the words "by the plaintiff" to the statute. The third party practice [rules] ... contemplate the joining, combining and associating of two causes of action for the purpose of trial. That practice facilitates the trial of multiple issues wherein several liability of parties may more easily be determined in one cause, and it, therefore, fulfills the national purpose of facilitating judicial procedure by avoiding duplication of effort and diminishing multiplicity of suits so that full justice may be done as simply and expeditiously as possible.
Id. at 330 (citations omitted).
Another definitional based argument for not permitting third party removal relates to the meaning of "defendant." The removal statute, § 1441(a), to which most courts refer in a § 1441(c) analysis,[10] permits removal to a federal court by a "defendant." Thus, courts have struggled with the parameters of "defendant" so as to determine if a third party defendant may remove.
"Defendant" could be limited to the plaintiff's defendant. As the court in White stated in opposition to the right of third party removal in the context of § 1441(a), "To define the word defendant to mean not only the defendant in an original complaint but in addition a third-party defendant would be an unwarranted act of judicial legislation." White, 209 F.Supp. at 719. See also Chase, 523 F.Supp. at 382; Greater New York Mutual Ins. Co., 326 F.Supp. at 248.
Other courts have utilized a more functional approach in determining the parameters of "defendant." The court in Holloway v. Gamble-Skogmo, Inc., 274 F.Supp. 321 (N.D.Ill. 1967) reasoned that removal gives a defendant a check on the plaintiff's choice of forum, but that the first party defendant does not have a similarly wide choice of forum as the plaintiff and so should not have an already constrained forum choice vetoed by the third party defendant. Id. at 323. Also, third party removal would deny the forum choice of both the first party plaintiff and defendant. See, e.g., Chase, 523 F.Supp. at 382; Holloway, 274 F.Supp. at 323; Burlingham, Underwood, Barron, Wright & White v. Luckenbach S.S. Co., 208 F.Supp. 544, 547 (S.D.N.Y.1962).[11]
In contrast, other courts have compared the similarities between a defendant and a third party defendant, neither of whom voluntarily chose state court, and have concluded that both should have the ability to remove. The court in Ford Motor Corp. explained:
[The third party defendant] never voluntarily submitted itself to the jurisdiction of the state court. It was dragged into state court by service of process the same way that any other `defendant' is brought into court....
[The third party defendant] is as much a defendant as if the case had been originally brought against it. [The third party defendant] has been sued in the only meaningful sense of the wordit has been haled into court involuntarily and must defend an action for relief against it. That makes [the third party defendant] a `defendant.'
Id. at 1113 (footnotes omitted). See also Mignogna, 679 F.Supp. at 189.
Furthermore, permitting third party removal would allow that defendant to seek the same advantages a first party defendant seeks in removing a case to federal court. Federal courts provide a federal forum for federal claims or a neutral forum for diversity actions. The third party has an important interest in having a federal court hear a federal claimas is involved in the case at *325 baran interest infringed if third party removal is not permitted. Patient Care, 755 F.Supp. at 649. Although not presented by the facts of the captioned action, a federal court would have an even stronger interest in hearing a case in which it had exclusive jurisdiction over the third party claims.[12]See Patient Care, Inc., 755 F.Supp. at 649-50.
While a textual or definitional approach serves as the foundation of the argument not to permit third party removal, cases permitting the practice have usually relied most heavily on concerns about uniformity. The seminal case of Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) forcefully stated:
The removal statute, which is nationwide in its operation, was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied. Hence the Act of Congress must be construed as setting up its own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts.
Id. at 104, 61 S.Ct. at 870 (emphasis added). Citing this goal, several courts have admonished that restricting third party removal would result in the differential treatment of impleaded parties and those who, due to local third party rules, must be directly sued. See Patient Care, Inc., 755 F.Supp. at 649; Carl Heck Eng'rs, 622 F.2d at 135; Ford Motor Credit, 563 F.Supp. at 1114. As the court in Bond v. Doig, 433 F.Supp. 243 (D.N.J.1977) explained:
removability under 28 U.S.C. § 1441(c) cannot rationally be made to depend on the accident of who sues first, or on the niceties of state pleading and practice.... It matters not whether the joined claim or cause which is removable ... the claim of a defendant against a third-party defendant not previously in the case. If it is a separate and independent claim or cause, removable if sued on alone, then the whole case is removable even though it be joined with others not otherwise removable. The rational test is not how the claim comes up in the state court suit, but its nature.
Id. at 247-48. See also Industrial Lithographic Co., 119 F.Supp. at 286.
Similarly, preventing third party removal can result in differential treatment of almost identical cases which differ in their procedural histories. For example, in Garnas v. American Farm Equipment Co., 502 F.Supp. 349, 350 (D.N.D.1980), the defendant filed a counterclaim against the plaintiff who responded by impleading a third-party defendant. The third-party defendant sought removal which was denied. However, if the third-party defendant initially had been sued by the plaintiff, he could have removeda ludicrous result. See Patient Care, Inc., 755 F.Supp. at 649 n. 10.
However, the court in Chase set forth a counter-argument to this reasoning:
A uniformly applied federal rule barring removal by third-party defendants does not allow state procedure to control access to federal courts. See, 1A Moore's Federal Practice Digest, ¶ 0.167[10].
In fact the liberality of third-party practice in states like Pennsylvania turns this argument on its head. The problem with this argument can clearly be seen by examining the facts of our case. If this action had originally been brought in federal court the defendant would not have been able to join [the] ... third-party defendant. See Fed. R.Civ.P. 14(a). The third-party joinder made in this case is only possible under Pennsylvania's Rules of Civil Procedure. See Pa.R. of Civ.P. 2252. Therefore, permitting [the third party defendant] to remove this action to federal court would allow [it] to remove into federal court an action that could not have been brought there originally. In other words in this case permitting removal by a third-party defendant allows peculiarities of state practice to define the jurisdiction of a federal court. This is precisely the danger *326 condemned by the court in Industrial Lithographic Co. v. Mendelsohn, supra.

Chase, 523 F.Supp. at 381 n. 1.
Similarly, the court in Kaye Associates v. Board of Chosen Freeholders-County of Gloucester, 757 F.Supp. 486, 487-88 (D.N.J. 1991) reasoned that disuniform results do not warrant the sanctioning of third party removal. For example, a plaintiff against whom a counterclaim has been filed clearly is not permitted to remove the case under the holding in Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), that a plaintiff may not remove on the basis of a counterclaim which, independently, would permit removal. However, if local practice precluded that counterclaim, or made it permissible and the defendant chose not to file it, then the defendant could bring a separate action which could be removed by the plaintiff. See, e.g., Kaye, 757 F.Supp. at 489. As one court has stated:
It seems difficult to develop a coherent theory for denying the privilege of removal to a Shamrock plaintiff but granting it to a third-party defendant,2 and in any event there is no evidence that Congress at any time before or since 1948 has adopted such a theory.
2. To be sure, a plaintiff in a state court has, unlike a third-party defendant, elected that court; but the election relates to the plaintiff's claim, not to a counterclaim of which plaintiff later becomes a target.
Share, 550 F.Supp. at 1109.
Similarly, case law has firmly established that § 1441(a)[13] precludes removal by third party defendants. See, e.g., White, 209 F.Supp. at 719; Knight v. Hellenic Lines, Ltd., 543 F.Supp. 915, 917 (E.D.N.Y.1982); Friddle v. Hardee's Food Sys., Inc., 534 F.Supp. 148, 149 (W.D.Ark.1981);[14]Fiblenski v. Hirschback Motor Lines, Inc., 304 F.Supp. 283, 285 (E.D.Ark.1969).[15]See also Wright, § 3731 at 501. However disparate state practice rules similarly produce disuniform effects of removal under that section.[16]
The court in Thomas asserted that is reasonable to treat joined third party action differently than a separately filed action since the former hauls the entire case into federal court while the latter does not. Thomas, 740 F.2d at 486. Furthermore, even though those courts which have permitted third party removal have almost uniformly remanded the original claims between the plaintiff and defendant, third party impleader permits the joining of related claims so as to promote efficiency; remanding the first party claims would contradict this goal. Thomas, 740 F.2d at 486.
Another line of reasoning against third party removal is that the practice would implicate federalism considerations. One court admonished that permitting such removal would "enlarge federal at the expense of state jurisdiction in rather a dramatic way." Thomas, 740 F.2d at 486.[17]See also Lowe's *327 of Montgomery, Inc. v. Smith, 432 F.Supp. 1008, 1013 (M.D.Ala.1977). Third party claims, because of their ancillary nature, do not require an independent basis for jurisdiction. The corollary to this is that "lack of federal jurisdiction over the main claim is not supplied by the introduction of an ancillary third-party claim as to which federal jurisdiction would exist if asserted in an independent action." Moore's ¶ 0.167[10] at 507. Thus, some courts have reasoned that since the third party claim can not defeat jurisdiction, neither should it confer jurisdiction and permit removal of an otherwise nonremovable action and infuse the entire case with jurisdiction. See Thomas, 740 F.2d at 490 (Swygert, J., concurring in the judgment); Patient Care, Inc., 755 F.Supp. at 650; Burlingham, 208 F.Supp. at 547.
Other courts, however, have set forth the counter-argument that permitting removal by third party defendants would not interfere with the balance between state and federal courts, since the district court could always, perhaps would always, remand the state law claims. See, e.g., Mignogna, 679 F.Supp. at 190; Ford Motor Credit Co., 563 F.Supp. at 1114-15; Patient Care, Inc., 755 F.Supp. at 650. Furthermore, most cases will not be so removed since the third party complaint will not be sufficiently separate and independent as the majority of third party claims involve indemnification. Mignogna, 679 F.Supp. at 190.
Another argument against third party removal is that the practice would be inefficient since, except for a very few courts which have permitted removal of an entire case on the basis of subject matter jurisdiction over the third party claim, most courts have remanded the original claims over which there was no independent federal jurisdiction. This results in two separate cases, in different courts, causing fragmentation, increasing the difficulty of settlement and possibly causing delay as one court awaits another's decision. White, 209 F.Supp. at 721. Also, "pursuing this course would increase the number of preliminary procedural steps necessary for selecting the forum and would vitiate some of the economy sought to be achieved by extending Section 1441(c) to third party claims." Wright, § 3724 at 395 (footnotes omitted). See also Greater New York Mut. Ins. Co, 326 F.Supp. at 249.

IV. Conclusion
Powerful arguments have been presented by courts and commentators on both sides of the instant issue. Unfortunately, appellate decisions resolving this question are scarce, and the Third Circuit has yet to speak directly on it. Of the three circuit courts to analyze this question, only one has permitted a third party defendant to remove. See Carl Heck Eng'rs, Inc., 622 F.2d at 135. Without firmer guidance from the Third Circuit, without a clearer pattern among the district courts in this circuit, without more appellate courts having concluded that third party defendants may remove, and with the presumption against removal in ambiguous cases, this court will follow the majority rule among courts and commentators that only first party defendants may remove an action to federal court. With this holding, Third Party Defendants' motion to dismiss is moot. An appropriate order will be issued.

ORDER
In accordance with the accompanying memorandum, IT IS HEREBY ORDERED that:
1) Defendants' motion to remand the captioned action is GRANTED.
2) Third Party Defendants' motion to dismiss is moot and therefore DENIED.
3) Clerk of Court is directed to remand this file to the Court of Common Pleas of York County, Pennsylvania, and to close this file.
NOTES
[1] Specifically, the court determined that third party removal was proper under 28 U.S.C. § 2679(d). The court mentioned that courts disagree about whether third party removal is permitted pursuant to 28 U.S.C. § 1441(c), but determined that the few courts that had decided the issue had determined that third party removal was proper under §§ 2679 and 1442(a). See Thompson v. Wheeler, 898 F.2d 406, 409, n. 2 (3d Cir.1990).
[2] One reason for the scarcity of appellate decisions on the instant issue is because a district court's decision to remand a case for having been improperly removed is, for the most part, unreviewable by the appellate court. See 28 U.S.C. § 1447(d) (an order "remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise ..."); Patient Care, Inc. v. Freeman, 755 F.Supp. 644, 647 n. 6 (D.N.J.1991).
[3] Lowe's of Montgomery, Inc. v. Smith, 432 F.Supp. 1008, 1013 (M.D.Ala.1977); Sequoyah Feed & Supply Co. v. Robinson, 101 F.Supp. 680, 682 (W.D.Ark.1951); Shaver v. Arkansas-Best Freight Sys., Inc., 171 F.Supp. 754, 762 (W.D.Ark.1959); Fiblenski v. Hirschback Motor Lines, Inc., 304 F.Supp. 283, 285 (E.D.Ark.1969); Fountain Park Coop. Inc. v. Bank of Am. Nat'l Trust and Sav. Ass'n, 289 F.Supp. 150, 153-154 (C.D.Cal.1968); Avco Aurora Indus. Bank v. Cline, 459 F.Supp. 857, 859 (D.Colo.1978); University of Chicago Hosp. & Medical Ctr. v. Rivers, 701 F.Supp. 647, 650 (N.D.Ill.1988); Holloway v. Gamble-Skogmo, Inc., 274 F.Supp. 321, 324 (N.D.Ill.1967); Elkhart Coop. Equity Exch. v. Day, 716 F.Supp. 1384, 1388 (D.Kan.1989); Jamison v. Schneider, 561 F.Supp. 1087, 1091 (D.Kan.1983) (either third party claim is separate and independent from main claim, thereby outside scope of federal and Kansas rules of civil procedure for third party involvement, or if not separate and independent, then can not remove); Hopkins Erecting Co. v. Briarwood Apartments of Lexington, 517 F.Supp. 243, 250 (E.D.Ky.1981); Hyde v. Carder, 310 F.Supp. 1340, 1341 (W.D.Ky. 1970); Dowell Div. of Dow Chem. Co. v. Ormsby, 204 F.Supp. 38, 39 (E.D.Ky.1962); Killian v. Union L.P. Gas Sys., Inc., 568 F.Supp. 679, 680 (W.D.Mo.1983); Fleet Bank-NH v. Engeleiter, 753 F.Supp. 417, 419 (D.N.H.1991); Kaye Assoc. v. Board of Chosen Freeholders-County of Gloucester, 757 F.Supp. 486, 87-88 (D.N.J.1991); Crawford v. Hosp. of Albert Einstein College of Medicine, 647 F.Supp. 843, 846 (S.D.N.Y.1986) (fourth party defendant may not remove); Verschell v. Fireman's Fund Ins. Co., 257 F.Supp. 153, 154 (S.D.N.Y.1966); Elsis v. Hertz Corp., 581 F.Supp. 604, 608 (E.D.N.Y.1984); Luebbe v. Presbyterian Hosp. et al., 526 F.Supp. 1162, 1165 (S.D.N.Y.1981); Knight v. Hellenic Lines, Ltd., 543 F.Supp. 915, 918 (E.D.N.Y.1982); Garnas v. American Farm Equip. Co., 502 F.Supp. 349, 351 (D.N.D.1980); Burlingham, Underwood, Barron, Wright & White v. Luckenbach S.S. Co., 208 F.Supp. 544, 547 (S.D.N.Y.1962); Andrews v. Elec. Motor Sys., Inc., 767 F.Supp. 853, 855 (S.D.Ohio 1991); Mid-State Homes, Inc. v. Swain, 331 F.Supp. 337, 339 (W.D.Okla.1971); Brumfield v. Stuck, 298 F.Supp. 380, 381 (W.D.Okla.1969); Chase v. North Am. Sys., Inc., 523 F.Supp. 378, 382 (W.D.Pa.1981); Greater New York Mut. Ins. Co. v. Anchor Constr. Co., 326 F.Supp. 245, 249 (E.D.Pa.1971); Tayagda Alum. Prod. Corp. v. Hull Dobbs 65th Infantry Ford, Inc., 313 F.Supp. 774, 775 (D.P.R.1970); Cannon v. Goodyear Tire and Rubber Co., 241 F.Supp. 23, 25 (E.D.S.C.1965); White v. Hughes, 409 F.Supp. 1005, 1007 (W.D.Tenn.1975); Folts v. Richmond, 480 F.Supp. 621, 625 (E.D.Va. 1979); Morris v. Marshall County Bd. of Educ., 560 F.Supp. 43, 44 (N.D.W.Va.1983); Continental Resources & Mineral Corp. v. Continental Ins. Co., 546 F.Supp. 850, 852 (S.D.W.Va.1982); Share v. Sears, Roebuck & Co., 550 F.Supp. 1107, 1109 (E.D.Pa.1982); Croy v. Buckeye Int'l, Inc., 483 F.Supp. 402, 406 (D.Md.1979); Lewis v. Windsor Door Co., 926 F.2d 729, 733 (8th Cir. 1991).
[4] Columbia Casualty Co. v. Statewide Hi-Way Safety, Inc., 94 F.R.D. 182, 184 (D.N.J.1982) (can remove entire action); Marsh Inv. Corp. v. Langford, 494 F.Supp. 344, 349-350 (E.D.La.1980) (determined that third party removal permitted, noted that courts usually remanded original claims, but did not remand them due to late stage of case).
[5] Carl Heck Eng'rs v. Lafourche Parish Police Jury, 622 F.2d 133, 135 (5th Cir.1980); Central of Georgia Ry. Co. v. Riegel Textile Corp., 426 F.2d 935, 938 (5th Cir.1970); Peturis v. Fendley, 496 F.Supp. 203, 205 (S.D.Ala.1980); Ford Motor Credit Co., Inc. v. Aaron-Lincoln Mercury, 563 F.Supp. 1108, 1116 (N.D.Ill.1983); President & Directors of Manhattan Co. v. Monogram Assoc. Inc., 81 F.Supp. 739, 740 (E.D.N.Y.1949); McMahon v. Troy, 122 F.Supp. 555, 556 (N.D.N.Y.1954) (note that third party plaintiff conceded to removal of third party claim); Ted Lokey Real Estate Co. v. Gentry, 336 F.Supp. 741, 743 (N.D.Tex.1972); Industrial Lithographic Co. v. Mendelsohn, 119 F.Supp. 284, 286 (D.N.J. 1954); Rafferty v. Frock, 135 F.Supp. 292, 293 (D.Md.1955); Wayrynen Funeral Home Inc. v. J.G. Link & Co., 279 F.Supp. 803, 806 (D.Mont. 1968); Charter Medical Corp. v. Friese, 732 F.Supp. 1160, 1162 (N.D.Ga.1989); Davis v. Life Ins. Co., 700 F.Supp. 323, 327 (N.D.Miss.1988).
[6] Soper v. Kahn, 568 F.Supp. 398, 405 (D.C.Md. 1983); Patient Care, Inc. v. Freeman, 755 F.Supp. 644, 651-52 (D.N.J.1991); Mignogna v. Sair Aviation, Inc., 679 F.Supp. 184, 190-191 (N.D.N.Y. 1988); Coleman v. A & D Mach. Co., 298 F.Supp. 234, 236 (E.D.Cal.1969); Motor Vehicle Casualty Co. v. Russian River County Sanitation District, 538 F.Supp. 488, 491 (N.D.Cal.1981); First Nat'l Bank & Trust Co. v. Port Lavaca Vending Machs., Inc., 334 F.Supp. 375, 377 (S.D.Tex.1971); In re Wilson Industries, Inc., 886 F.2d 93, 96 (5th Cir.1989).
[7] Two cases which provide very comprehensive analyses of the instant issue are Ford Motor Credit Co. v. Aaron-Lincoln Mercury, 563 F.Supp. 1108 (N.D.Ill.1983) and Thomas v. Shelton, 740 F.2d 478 (7th Cir.1984).
[8] These words were added by a 1990 amendment. Section 1331 refers to that statute granting district courts jurisdiction over suits involving federal questions.
[9] Title 28 U.S.C. (1946 ed.) § 71, governing removal before § 1441, provided:

And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district.
[10] One could argue, however, that since § 1441(c) does not expressly mention "defendant," as § 1441(a) does, that that limitation should not be placed on removability.
[11] On the other hand, the claims between the original parties could always be (and in most cases, are always) remanded to state court, thus preserving the plaintiff's initial forum choice. See Thomas, 740 F.2d at 490 (Swygert, J., concurring in the judgment); Patient Care, Inc., 755 F.Supp. at 650.
[12] Federal courts have original, although not exclusive, jurisdiction over claims involving federal questions, such as the third party claim in the captioned action. 28 U.S.C. § 1331.
[13] Title 28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter [28 USCS §§ 1441 et seq.], the citizenship of defendants sued under fictitious names shall be disregarded.
(Brackets in original.)
[14] The Friddle court disapproved of third party defendant removal even though the plaintiff in that case had amended his complaint to assert a claim against the third party defendant.
[15] While most courts have reasoned that third party removal should not be permitted under § 1441(c) because of the more legally firm proposition that it would be disallowed under § 1441(a), the court in Fiblenski began with the former rule, reasoning that that supported a prohibition against third party removal under § 1441(a).
[16] Moreover, several courts have reasoned that since there is no indication from legislative history that § 1441(c) was enacted to expand removal jurisdiction beyond that provided in § 1441(a), if a third party can not remove under the latter provision, third party removal likewise should be prohibited under § 1441(c). See, e.g., Chase, 523 F.Supp. at 382.
[17] Although the court cautioned: "Although satisfied that in the broad run of third-party cases, including this one, the third-party defendant cannot remove the case under section 1441(c), we hesitate to adopt a universal and absolute rule to that effect."