*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
ELECTRONIC CITATION: 2002 FED App. 0283P (6th Cir.)
File Name: 02a0283p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

FIRST NATIONAL BANK OF
PULASKI,

                  *Plaintiff,*

   *v.*

JOHN T. CURRY et al.,
       *Defendants/Counter*
         *and Third-Party*
       *Plaintiffs-Appellees,*

HENRY, HENRY & SPEER,
P.C., et al.
       *Defendants/Third-Party*
      *Defendants-Appellants,*

WILLIAM R. HORNE et al.,
      *Third-Party Defendants.*

No. 00-6046

_____

JOHNNIE M. CURRY,
       *Plaintiff-Appellee,*

   *v.*

FIRST NATIONAL BANK OF
PULASKI et al.,

                  *Defendants,*

HENRY, HENRY & SPEER,
P.C., et al.,

          *Defendants-Appellants.*

Appeal from the United States District Court
for the Middle District of Tennessee at Columbia.
Nos. 99-00094; 99-00141—William J. Haynes, Jr.,
District Judge.

Argued:  January 25, 2002

Decided and Filed:  August 21, 2002

Before:  MERRITT, BOGGS, and MOORE, Circuit
Judges.

_____

**COUNSEL**

**ARGUED:**    Winston S. Evans, EVANS, JONES &
REYNOLDS, Nashville, Tennessee, for Appellants. Charles
W.  Holt,  Jr.,  BOSTON,  HOLT  &  SOCKWELL,
Lawrenceburg, Tennessee, for Appellees.   **ON BRIEF:**
Winston S. Evans, William Burgin Hawkins III, EVANS,
JONES  &  REYNOLDS,  Nashville,  Tennessee,  for
Appellants.    George  B.  Boston,  BOSTON,  HOLT  &
SOCKWELL, Lawrenceburg, Tennessee, for Appellees.

————————

**OPINION**

————————

KAREN NELSON MOORE, Circuit Judge. The Appellants in this appeal challenge the remand to state court of two cases consolidated by the district court ("the consolidated case"). The first case ("the removed case") was initiated in state court by the First National Bank of Pulaski ("the Bank") against various members of the Curry family as well as two Curry-owned partnerships (Appellees John T. Curry, Carroll M. Curry, Cathy Curry, Connie G. Curry, C&T Partnership, and C&C Partnership, hereinafter "the Curry Family defendants"). The Curry Family defendants then counterclaimed and impleaded the Bank's president, William R. Horne ("Horne"), as a third-party defendant, and Horne removed the case to federal court. The second case ("the federal case") was filed in federal court by Appellee Johnnie M. Curry ("Johnnie Curry"), the mother (or mother-in-law) of John T. Curry, Carroll M. Curry, Cathy Curry, and Connie G. Curry. Appellants Henry, Henry & Speer, P.C., Robert C. Henry, and Joe W. Henry, Jr., ("the Henrys") were named as defendants in the second, federal-initiated action and added as third-party defendants in the first, state-initiated action; all of the claims against the Henrys, however, were state-law claims. After the dismissal of all other defendants, including Horne, and all federal claims, the district court remanded the state-law claims that remained against the Henrys in the consolidated case to state court. The Henrys now appeal, arguing that the district court should have dismissed, without prejudice, the Curry Family defendants' and Johnnie Curry's claims rather than remand them to state court.

Because we conclude that third-party defendants may not remove an action to federal court, and thus that the removed case was removed improperly to federal court, we **AFFIRM** the district court's remand of the case, on these grounds. However, we **REVERSE** the district court's remand of the

remaining claims in the federal case, because a case initiated in federal court cannot be remanded to state court. For this reason, we **REMAND** to the district court for further proceedings in the federal case.

## I. BACKGROUND

Robert M. Curry (hereinafter "Mike Curry") was formerly chief executive officer of the Bank. This position enabled him to operate a check kiting scheme involving a number of checking accounts that he and other members of the Curry Family controlled. As part of this scheme, Mike Curry allegedly executed a number of promissory notes in the names of other family members as well as of family-owned businesses. After some details of Mike Curry's scheme came to light, the Bank, on October 30, 1998, filed five lawsuits in Tennessee state court to collect on these notes against the Curry Family members whose signatures Mike Curry had allegedly forged. The Curry Family defendants counterclaimed against the Bank and impleaded certain Bank officers, including Horne. The Curry Family defendants alleged that Horne and the Bank had violated various federal banking laws. Third-Party Defendant Horne then removed the case to federal court based on that court's federal question jurisdiction on May 19, 1999. *See* Joint Appendix ("J.A.") at 46. Neither the parties nor the district court ever questioned the propriety of removal by Horne.

The district court subsequently dismissed four of the Bank's five cases against the Curry Family defendants and gave leave for the Bank to file an amended complaint in the removed case that would include all of its claims against the defendants. *See* J.A. at 399-402. This amended complaint was filed in September 1999.[1] In August 1999, the Curry

---

[1]The Bank's amended complaint included Johnnie M. Curry as a defendant, *see* J.A. at 250, in addition to the Curry Family defendants.

claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, *or remanding them to state court if the action was removed*.") (emphasis added).

Thus, the district court erred in remanding Johnnie Curry's claims to state court. On this point, we vacate the district court's remand order and remand for the district court to determine whether to dismiss Johnnie Curry's state-law claims or to consider her claims on the merits pursuant to § 1367(c)(3).

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM** in part, **REVERSE** in part, and **REMAND** for further proceedings consistent with this opinion.

## C.  The Propriety of Remanding the Federal Case

The district court remanded the remaining state-law claims against the Henrys in the federal case to state court, even though that case was initiated in federal court.  On appeal, the Henrys emphatically argue that "[*a*] *district court cannot remand a case to a state court where that case was originally filed in federal court*."  Appellant's Br. at 14 (emphasis in original).  The Curry Family defendants counter that the district court did not err in remanding Johnnie Curry's claims in the federal case to state court, even though those claims were filed originally in federal court, because the district court had consolidated the two cases.

The Henrys have the better of this argument.  *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933), held that "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties."  Despite the consolidation of the two actions in the present case, then, the actions did "not merge . . . into a single cause."  The Third Circuit addressed a somewhat similar factual situation in *Bradgate Associates* and held that

> when a removed state court case has been consolidated with a case originally filed in federal court and the district court determines that it lacks subject matter jurisdiction over both the federal and state components of the case, the court must apply the rules pertaining to dismissal and remand as if the cases had retained their separate identities and had never been consolidated.

999 F.2d at 751.  Thus, while a district court has the discretion to remand a case removed from state court, it may not remand a case that was never removed from state court, even though the two cases have been consolidated for purposes of convenience and administration.  *See id.* at 750-51.  *See also Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1998) ("When all federal

Family defendants[2] moved the federal district court to permit them to amend their counterclaim in the removed case to add the Henrys as third-party defendants, alleging legal malpractice, gross negligence, recklessness, and duress against the Henrys.  The district court granted this motion in February 2000.  *See* J.A. at 459.

Meanwhile, parallel litigation involving many of the same parties was initiated in the Middle District of Tennessee in August 1999 when Appellee Johnnie Curry sued the Bank, the Henrys, and other defendants on a number of theories, including the violation of federal banking laws and, against the Henrys, legal malpractice.

Thus, the Henrys, Appellants in the present case, and other parties were being sued by both Johnnie Curry and the Curry Family defendants, Appellees in the present case, in two separate cases in the Middle District of Tennessee.  These cases were consolidated by court order on February 1, 2000.  *See* J.A. at 459.  The Bank, the Curry Family defendants, and Johnnie Curry, as well as other parties, subsequently settled most of their claims.  The district court dismissed the settled claims in orders issued in April and May 2000.  As a result, the only remaining claims in the consolidated case were the state-law claims of the Appellees, the Curry Family defendants and Johnnie Curry, against the Appellants, the Henrys.

The Henrys subsequently filed a motion to dismiss for lack of subject matter jurisdiction on May 24, 2000.  *See* J.A. at 645-46.  The Henrys argued that, because the federal claims against the Bank and its officers had been dismissed, the

---

[2] Johnnie Curry was not a party to the Curry Family defendants' second amended counter-complaint and third-party complaint, filed March 20, 2000, which added the Henrys as third-party defendants in the removed action.  *See* J.A. at 552.  At the time, Johnnie Curry was already suing the Henrys as the plaintiff in the federal (i.e., non-removed) action, as discussed *infra.*

federal district court "no longer [had] subject matter jurisdiction" over the Curry Family defendants' remaining claims. J.A. at 646. More precisely, the Henrys argued that, although the district court retained supplemental jurisdiction over the Curry Family defendants' state-law claims, "there [wa]s no reason why [the district court] should exercise supplemental jurisdiction over" those claims. J.A. at 646.

The district court "granted" the Henrys' motion in an order issued on June 21, 2000, which both dismissed, without prejudice, the Curry Defendants' pending claims *and* remanded those claims to state court. In explaining its decision, the district court alternated between stating that it "lack[ed] jurisdiction to adjudicate the remaining state claims," and stating, in the next sentence, that "the Court declines to exercise pendent jurisdiction on the state law claims." J.A. at 654. The district court then stated that "[t]he discretion to remand to state court" was within its authority. J.A. at 654 (citing *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754 (6th Cir. 2000)). The district court exercised this discretion in remanding the Curry Family defendants' remaining state-law claims, despite its asserted dismissal of those same claims in the same order. The disposition made no reference to Johnnie Curry's claims against the Henrys.

The Henrys then moved the district court to alter or amend its remand order, arguing that the district court had failed to dismiss Johnnie Curry's claims against them in its previous order and that, as the court had dismissed the Curry Family defendants' claims, there was nothing left to remand to state court. *See* J.A. at 658-59. The Henrys thus requested that the district court amend the order to dismiss Johnnie Curry's claims against them and to state that none of the claims against them had been remanded to state court. *See* J.A. at 659-60. The district court responded to this motion by reinstating all of the Curry Family defendants' claims against the Henrys, noting again that it lacked subject matter jurisdiction over those claims, dismissing those claims, and then remanding "all remaining claims against the Henry

tortfeasors responsible for the plaintiff's injury are not separate and independent. *See id.* at 349-50. The Fifth Circuit explicitly adopted this distinction in *In re Wilson Industries, Inc.*, 886 F.2d 93, 96-97 (5th Cir. 1989).

The *Marsh Investment* distinction, however, was based on the pre-1990 version of § 1441(c), which permitted removal of a separate and independent claim on the basis of diversity. *See Marsh Inv.*, 494 F. Supp. at 349 ("[T]he respective courts held that diversity in the indemnity claim made the entire case removable under section 1441(c)."); *see also Carl Heck Eng'rs*, 622 F.2d at 135 (noting diversity of citizenship between third-party defendant insurer and third-party plaintiff insured). While insurers will often be diverse from those whom they insure, such insurance-based indemnity claims will rarely, if ever, be removable on the basis of a federal question. Thus, it is not clear what remains of the reasoning of *Carl Heck* after the 1990 amendment to § 1441(c). *See Auto Transportes Gacela S.A. de C.V. v. Border Freight Distrib. & Warehouse, Inc.*, 792 F. Supp. 1471, 1471 (S.D. Tex. 1992) ("[Section 1441(c)] has been recently amended, and the amendment removes the underpinnings of [*Carl Heck*]."). It is clear, however, that a third-party claim of indemnification, based solely on the diversity of citizenship of an insurer and an insured, such as that involved in *Carl Heck*, is not presently removable pursuant to § 1441(c).

For these reasons, we conclude that the removed case was improperly removed to federal court by Third-Party Defendant Horne and that, as a result, the district court never had subject-matter jurisdiction over the removed case. *Cf. Mich. Affiliated Healthcare Sys., Inc. v. CC Sys. Corp.*, 139 F.3d 546, 549 (6th Cir. 1998) (holding that district court did not have subject-matter jurisdiction over improperly removed case). The district court's remand to the state court of the removed case was therefore proper, and we affirm that part of the district court's order, on these grounds. We address the remand of the federal case in the next section.

party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

Tenn. R. Civ. P. 14.01.　Thus, under Tennessee state procedural rules, Third-Party Defendant Horne could only be impleaded by the Curry Family defendants based on his alleged liability to the Curry Family defendants based on the Plaintiff Bank's action against them.　Under these circumstances, the Curry Family defendants' third-party claims against Horne "arose from an interlocked series of transactions," and thus, under *Finn*, those claims did not amount to a separate and independent cause of action under § 1441(c).　Indeed, under Tennessee's rules of impleader, we do not think that third-party claims can satisfy the separate and independent cause of action requirement found in § 1441(c).

The decisions to the contrary have reasoned, mistakenly, in our view, that an indemnity claim may be considered a "separate and independent" claim under § 1441(c).　*See especially Carl Heck Eng'rs*, 622 F.2d at 136.　The *Cark Heck* court concluded that indemnity actions are separate and independent because "[s]uch actions can be and often are brought in a separate suit from that filed by the original plaintiff in the main claim." *Id.*　In reaching this conclusion, however, the *Carl Heck* court failed to apply *Finn* in determining whether a cause of action is separate and independent from the plaintiff's underlying claim(s).　In the immediate wake of *Carl Heck*, a district court in the Eastern District of Louisiana formulated a more elaborate theory for explaining when an indemnity claim is separate and independent under *Finn*. *See Marsh Inv. Corp. v. Langford*, 494 F. Supp. 344 (E.D. La. 1980), *aff'd*, 652 F.2d 583 (5th Cir. Unit A 1981) (per curiam).　The *Marsh Investment* court examined the precedents and determined that indemnity claims brought by defendants against their insurance providers, such as in *Carl Heck*, are separate and independent from the plaintiff's underlying claims, under *Finn*, but that claims brought against third-party defendants alleged to be

defendants to the Chancery Court of Giles County." J.A. at 323.

This appeal followed.　The Henrys argue on appeal that the district court lacked the authority to remand the remaining state-law claims against them to state court and thus that the district court should have dismissed, without prejudice, the remaining claims against them.

## II.　ANALYSIS

### A.　Appellate Jurisdiction

Appellate review of remand orders is limited by 28 U.S.C. § 1447(d).　That provision states, in relevant part: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."　We have held, however, that § 1447(d) means only that a remand order is unreviewable on appeal when the case was remanded based on the district court's conclusion that it lacked subject matter jurisdiction over the removed case *at the time of removal*.　Thus, a remand order is reviewable on appeal when the district court concludes that the action was properly removed but that the court lost subject matter jurisdiction at some point post-removal. *See Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758-59 (6th Cir. 2000) (holding that appellate jurisdiction to consider remand order existed where district court remanded remaining state-law claims after dismissal of plaintiff's federal-law claims in federal question case); *see also Van Meter v. State Farm Fire & Cas. Co.*, 1 F.3d 445, 450 (6th Cir. 1993) ("[I]f a district court determines subject matter jurisdiction to have existed at the time of removal, yet remands for alleged lack of subject matter jurisdiction based on some post-removal event(s), the remand order is . . . reviewable . . . ."); *Baldridge v. Ky.-Ohio Transp., Inc.*, 983 F.2d 1341, 1348 (6th Cir. 1993) (same).

In the present case, the district court concluded that it retained supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), to consider the remaining state-law claims against

the Henrys, despite the dismissal of all federal claims in the consolidated case. The district court declined, however, to exercise its supplemental jurisdiction and instead remanded those claims to state court. The district court could not have concluded that it retained supplemental jurisdiction over those state-law claims had it determined that it *never* had subject-matter jurisdiction over the removed case. Under these facts, we have jurisdiction to review the district court's order remanding the Curry Family defendants' and Johnnie Curry's state-law claims against the Henrys to state court. *Cf. Long*, 201 F.3d at 759; *see also id.* at 761 (holding that, under § 1367, district courts have the discretion to remand remaining removed state-law claims to state court as well as to dismiss such claims).

In light of the preceding discussion, however, this case presents a rather unusual situation. We would be without jurisdiction to review this remand order, at least with respect to the removed case, if the district court had determined that that case had been improperly removed and thus that it lacked subject matter jurisdiction over the case from the start. With respect to the removed case, however, we conclude *infra* that that case was improperly removed from state court — because third-party defendants cannot remove cases to federal court — and thus that, in fact, the district court never had subject matter jurisdiction over the removed case.

In other words, our jurisdiction over that part of the district court's remand order is based on the district court's failure to note its lack of subject matter jurisdiction from the start. Had the district court noted, *sua sponte*, its lack of subject matter jurisdiction, or had the parties brought this issue to the district court's attention, we would not have appellate jurisdiction over this aspect of the present appeal. Because of this unusual set of circumstances, this appeal presents a rare occasion for an appellate decision on third-party removal under 28 U.S.C. § 1441. Only the Fifth, Seventh, and Eighth Circuits have yet addressed this issue. As district courts have noted, from time to time, "[m]ost of the case law on this

interpreted as generally authorizing removal in these contexts"). Thus, even in the courts holding that § 1441(c) permits third-party defendants to remove to federal court, as a general proposition, those courts have often held that the third-party claims at issue did not satisfy the "separate and independent" requirement of § 1441(c). *See, e.g.*, *New Venture Gear, Inc. v. Fonehouse*, 982 F. Supp. 892, 893 (N.D.N.Y. 1997) (holding that "a third-party claim cannot be 'separate and independent' if it is substantially derived from the same set of facts, or if it is contingent in some way on the plaintiff's non-removable claim") (quotation omitted); *Soper v. Kahn*, 568 F. Supp. 398, 405 (D. Md. 1983) (holding that third-party claim for indemnity, under state law, was not "separate and independent" under § 1441(c)); *Coleman v. A & D Mach. Co.*, 298 F. Supp. 234, 237 & n.9 (E.D. Cal. 1969) (holding that removal was improper because the third-party claim was not separate and independent and noting the potential inconsistency of that position).

The test for determining the existence of a separate and independent claim or cause of action under § 1441(c) was established by the Supreme Court in *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14 (1951): "[W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." Like Federal Rule of Civil Procedure 14, however, state procedural rules regarding third-party practice often require that impleaded third-party defendants be liable to the third-party plaintiff (defendant) based on the plaintiff's underlying claim(s). The removed case was filed originally in Tennessee state court. Tennessee's version of Rule 14, which is identical to federal Rule 14, states, in relevant part:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-

additional actions taken by the same party. In contrast, the Federal Rules use very different language when referring to third-party claims, which the Rules consistently describe as being "assert[ed]" rather than joined. *See, e.g.*, Fed. R. Civ. P. 14. Accordingly, when § 1441(c) allows removal of certain claims that are "joined," the statute is most likely referring not to other claims brought by other parties, but to multiple claims brought by the same party.

Given the language of the statute and the rule that removal statutes are to be construed narrowly, we reject the view that "joined," as used in § 1441(c), should be interpreted broadly and conclude instead that it should be interpreted narrowly to apply only to claims joined by the plaintiff in the original state court action.

Although our conclusion on this issue is based on our construction of the statute itself, we note that, in most, if not all, cases, third-party claims will not satisfy the "separate and independent" requirement of § 1441(c). As the *Thomas* court observed:

> A third-party complaint is usually conditional on the success of the main claim. The most common third-party claim is a claim for indemnity, that is, a claim that should the defendant (third-party plaintiff) be held liable to the plaintiff, the third-party defendant must reimburse the defendant for the cost of satisfying the plaintiff's judgment.

740 F.2d at 486. *See also, e.g.*, *Holloway v. Gamble-Skogmo, Inc.*, 274 F. Supp. 321, 323 (N.D. Ill. 1967) ("[I]t is difficult to imagine a third party complaint which is not 'dependent' on the main cause of action, since under even the most liberal state third party practice, a close relation between the third party claim and the case in chief is a minimal requirement."); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3724, at 44 (3d ed. 1998) (endorsing the view that "Section 1441(c) should not be

---

subject is from district courts because of the limited right of appeal of remand decisions as provided for in 28 U.S.C. § 1447." *Brookover Fin. Servs., Inc. v. Beckley*, 56 F. Supp. 2d 782, 784 (W.D. Ky. 1999).

Our jurisdiction with respect to the remand order in the federal case is on a somewhat different footing. The district court's subject matter jurisdiction in that case, pursuant to 28 U.S.C. § 1331, is abundantly clear. *See* J.A. at 172, 188-89 (Compl. ¶¶ 2, 57-62) (alleging violation of federal banking laws). Because, moreover, that case was never removed from state court, the district court could not have concluded that it lacked jurisdiction at the time of removal. Thus, the district court's remand order is reviewable on appeal. *See Bradgate Assocs., Inc. v. Fellows, Read & Assocs., Inc.*, 999 F.2d 745, 749-50 (3d Cir. 1993) (holding remand order reviewable under similar circumstances).

## B.   The Propriety of Third-Party Removal Under 28 U.S.C. §§ 1441

In his notice of removal, Third-Party Defendant Horne asserted two bases for removal, 28 U.S.C. §§ 1441(b) and (c), although he clearly intended § 1441(a) with respect to the former basis.[3] As noted *supra*, neither the parties nor the district court raised the propriety of removal by a third-party defendant. We have, however, an independent obligation to consider both the district court's and our own subject matter jurisdiction. *See, e.g.*, *Baird v. Norton*, 266 F.3d 408, 410 (6th Cir. 2001). Having carefully considered the issue, we conclude that neither § 1441(a) nor § 1441(c) provides third-party defendants with the right to remove a case to federal court.

---

[3] Section 1441(b) places an important limitation on the right of removal created in § 1441(a) in cases in which diversity is asserted, but it does not establish an independent right to removal. Thus, the cases considering the propriety of third-party removal have discussed §§ 1441(a) and (c) as the relevant statutory provisions.

### 1. Section 1441(a)

Section 1441 states, in relevant part:

(a)  Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

As the statutory language makes plain, only "the defendant or the defendants" may remove under § 1441(a). The question, then, is whether a third-party defendant is a "defendant" as that term is used in § 1441(a). The majority view is that third-party defendants are not "defendants" for purposes of § 1441(a). *See, e.g.*, *Johnston v. St. Paul Fire & Marine Ins. Co.*, 134 F. Supp. 2d 879, 880 (E.D. Mich. 2001) ("[T]he majority view [is] that third-party defendants may not remove under § 1441(a)."); *Galen-Med, Inc. v. Owens*, 41 F. Supp. 2d 611, 614 (W.D. Va. 1999) (same); *Schmidt v. Ass'n of Apt. Owners*, 780 F. Supp. 699, 702 (D. Haw. 1991) ("The majority view is that the determination of who is a defendant is determined by the original complaint, not subsequent third or fourth-party complaints."). This is also the position taken by two of the leading treatises on civil procedure. *See* 16 Moore's Federal Practice § 107.11[1][b][iv], at 107-31 (Matthew Bender 3d ed. 2000) ("[T]hird-party defendants are not *defendants* within the meaning of the removal statute . . . ."); 14C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3731 (3d ed. 1998) ("Nor can third-party defendants brought into the state action by the original defendant exercise the right of removal to the federal court . . . ."). Similarly, the American Law Institute considers this the better view, as it has recommended that Congress amend § 1441 to "make[] clear what the present law merely implies:  the right of removal applies only to the action as framed by the pleading that

claims brought by the original plaintiff is as much 'joined' to those claims as any other type of claim . . . ."). Under this interpretation, the plaintiff's claims against the defendant or the defendants are "joined" with the defendants' counterclaims against the plaintiffs, with third-party claims asserted by the defendants/third-party plaintiffs against third-party defendants, with cross-claims asserted by defendants against one another, and so on. Other courts have reached the opposite conclusion and held that § 1441(c) only applies to claims joined by the original plaintiff(s) in the underlying action. *See, e.g.*, *Elkhart Coop. Equity Exch. v. Day*, 716 F. Supp. 1384, 1387 (D. Kan. 1989) ("[R]emoval under § 1441(c) is available only when a removable claim 'is joined with' a non-removable claim. Strictly construed, this provision only permits removal of claims joined in the plaintiff's complaint."); *Shaver v. Ark.-Best Freight Sys., Inc.*, 171 F. Supp. 754, 762 (W.D. Ark. 1959) ("[T]he removal statute limits removal . . . to a situation where there is a joinder of claims by the plaintiff, and does not authorize removal by a third party defendant.").

We believe that the narrower reading of "joined" is the correct one. Although the use of the term "joined" does not on its own foreclose an alternative interpretation, the Federal Rules of Civil Procedure consistently use the term to refer to claims or pleadings that one party adds to claims or pleadings that the party has already made. Rule 18 offers the clearest example, stating that a party who asserts a claim "may join . . . as many claims . . . as the party has against an opposing party." Rule 12(b) states that a party may "join[]" multiple defenses or objections in the same pleading or motion, and Rule 12(g) allows a party making a motion under Rule 12 to "join with it any other motions" allowed. Rule 45(a)(1), which governs subpoenas, states that a command to produce evidence may be "joined" with a command to appear. Finally, Rule 50(b) allows parties either to file a single motion for judgment as a matter of law or for a new trial or to "join" the two as separate motions filed at the same time. The use of "join" in these rules makes sense only if it is referring to

A number of courts have concluded that § 1441(c) does not authorize third-party defendants to remove because "[r]emoval on such basis is too much akin to the tail wagging the dog." *E.g.*, *Lewis*, 926 F.2d at 733 (quotation omitted). As one district court observed, many years ago: "[A]llowing removal by a third-party defendant brings into a federal court a suit between the original parties which has no independent basis for federal jurisdiction. This is an unwarranted extension of the federal judicial power." *Burlingham, Underwood, Barron, Wright & White v. Luckenbach S.S. Co.*, 208 F. Supp. 544, 547 (S.D.N.Y. 1962). In adopting this view, courts often emphasize that the removal statutes must be narrowly construed and that § 1441(c) was adopted in order "to restrict rather than expand the scope of removal from the state courts." *Andrews v. Elec. Motor Sys., Inc.*, 767 F.2d 853, 855 (S.D. Ohio 1991) (citing *American Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951)). *See also, e.g.*, *Fleet Bank-N.H. v. Engeleiter*, 753 F. Supp. 417, 419 (D.N.H. 1991) (holding that Congress intended only that original defendants be able to remove pursuant to § 1441(c)); *Sequoyah Feed & Supply Co. v. Robinson*, 101 F. Supp. 680, 682 (W.D. Ark. 1951) (holding that, under a "strict construction" of § 1441(c), third-party defendants may not remove to federal court).

This view of § 1441(c) is consistent with our conclusion that third-party defendants may not remove pursuant to § 1441(a). The difference between the two provisions in this respect is that § 1441(c), unlike § 1441(a), does not include the phrase "the defendant or the defendants," which we held *supra* must be construed narrowly. Thus it is possible that § 1441(c), even if construed narrowly, may permit third-party defendants to remove to federal court. The rest of § 1441(c) must also be construed narrowly, however, including the term "joined." Some courts have interpreted "joined," as used in § 1441(c), broadly to encompass all claims brought together in the litigation in question. *See, e.g.*, *Ford Motor Credit Co. v. Aaron-Lincoln Mercury, Inc.*, 563 F. Supp. 1108, 1112 (N.D. Ill. 1983) ("A separate and independent claim against a third party defendant placed into a single lawsuit with the

commences the action. Counterclaims, cross-claims, and third-party claims cannot be the basis for removal" under § 1441(a). ALI, Federal Judicial Code Revision Project § 1441 cmt. at 24 (Tent. Draft No. 3, April 30, 1999).

We hold that third-party defendants are not "defendants" for purposes of § 1441(a). As we have often noted, the removal statutes are to be narrowly construed. *See, e.g.*, *Long*, 201 F.3d at 757 ("[B]ecause they implicate federalism concerns, removal statutes are to be narrowly construed."); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999) ("In interpreting the statutory language, we are mindful that the statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction."), *cert. denied*, 528 U.S. 1076 (2000). In construing the federal removal statutes strictly, we have relied upon *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). In that case, the Supreme Court held that a state-court plaintiff against whom the defendant had filed a counterclaim could not remove to federal court under the statutory predecessor to § 1441(a). The *Shamrock Oil* Court noted that, between 1875 and 1887, the removal statute gave the right of removal to "either party," *see id.* at 105, but that Congress had amended the provision in 1887 to allow removal "only 'by the defendant or defendants therein.'" *Id.* at 104 (quoting § 1441(a)). The Court concluded that Congress intended "to narrow the federal jurisdiction on removal" in amending the statute in this way, *id.* at 107, and thus that congressional intent bound the Court to deny plaintiffs the right to remove, even if the plaintiffs were subjected to a counterclaim by the defendant. In reaching this conclusion, the Court also ruled that the states' important interest in the independence of their courts required "strict construction" of the removal statutes. *Id.* at 108-09. *See also Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 454 (6th Cir. 1996) ("Due regard for state governments' rightful independence requires federal courts scrupulously to confine their own jurisdiction to precise statutory limits.").

Although *Shamrock Oil* is not dispositive of the precise issue before us, it does dictate that the phrase "the defendant or the defendants," as used in § 1441(a), be interpreted narrowly, to refer to defendants in the traditional sense of parties against whom the plaintiff asserts claims. This interpretation of "the defendant or the defendants" is bolstered by the use of more expansive terms in other removal statutes. Title 28 grants removal power in bankruptcy cases to any "party," *see* 28 U.S.C. § 1452(a), a broader grant of power that courts have interpreted to extend to third-party defendants. *See* Thomas B. Bennett, *Removal, Remand, and Abstention Related to Bankruptcies: Yet Another Litigation Quagmire!*, 27 Cumb. L. Rev. 1037, 1052-53 (1996-1997) (summarizing bankruptcy cases allowing third-party removal). Title 28 also allows removal by any "foreign state" against which an action is brought in state court, *see* 28 U.S.C. 1441(d), and courts have interpreted that grant to include foreign states that are third-party defendants. *See* Jonathan Remy Nash, *Pendent Party Jurisdiction Under the Foreign Sovereign Immunities Act*, 16 B.U. Int'l L.J. 71, 107 & n.184 (1998) (summarizing cases). By contrast, § 1441(a)'s grant of removal power is much more limited, instilling a right of removal only in the defendant or the defendants. *See, e.g.*, *Johnston*, 134 F. Supp. at 880 (noting that the terms "defendant" and "third-party defendant" "typically are understood as referring to distinct parties"); *Knight v. Hellenic Lines, Ltd.*, 543 F. Supp. 915, 917 (E.D.N.Y. 1982) (concluding that third-party defendant is not a "defendant" as that term is used in § 1441(a)); *Friddle v. Hardee's Food Sys., Inc.*, 534 F. Supp. 148, 149 (W.D. Ark. 1981) ("We hold that 1441(a) limits the right to remove to defendants and does not give a right of removal to third-party defendants."). Thus, construing the removal statute narrowly, we conclude that third-party defendants do not have a statutory right of removal pursuant to § 1441(a).

### 2.  Section 1441(c)

Third-Party Defendant Horne also asserted 28 U.S.C. § 1441(c) as a basis for removal in the present case. That provision states:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

As one district court in this circuit noted years ago, "there is an irreconcilable conflict [among the authorities] regarding whether third-party actions and cross-claims can be considered under § 1441(c) as fulfilling the 'separate and independent claim' requirement of that section." *White v. Hughes*, 409 F. Supp. 1005, 1007 (W.D. Tenn. 1975). Of the circuits to have considered this question, the Eighth Circuit has held that § 1441(c) does not permit third-party defendants to remove, *see Lewis v. Windsor Door Co.*, 926 F.2d 729, 733 (8th Cir. 1991) ("We do not . . . believe § 1441(c) was intended to effect removal of a suit, not otherwise within federal jurisdiction, because of the introduction of a third-party claim." (quotation omitted)), the Seventh Circuit has held "that in the broad run of third-party cases . . . the third-party defendant cannot remove under section 1441(c)" but has not adopted "a universal and absolute rule to that effect," *Thomas v. Shelton*, 740 F.2d 478, 487 (7th Cir. 1984), and the Fifth Circuit has held that third-party defendants may remove under § 1441(c) whenever the requirements of that provision are otherwise satisfied, *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133, 135 (5th Cir. 1980) (adopting, as "the more rational view," the view "permitt[ing] removal on the basis of a third party claim where a separate and independent controversy is stated").