**FIRSTBANK PUERTO RICO, Plaintiff**

v.

**SAMUEL GITTENS and JOY C. A. GITTENS a/k/a JOY GITTENS,
Defendants/Third-party Plaintiffs**

v.

**THE CHASE MANHATTAN BANK, JPMORGAN CHASE BANK,
successor by Merger to the Chase Manhattan Bank, and
CHASE MANHATTAN BANK MORTGAGE CORPORATION,
Third-party Defendants**

Civil No. 2005-53

District Court of the Virgin Islands

Division of St. Croix

November 3, 2006

BRUCE BENNETT, ESQ., *For the plaintiff.*

MARK MILLIGAN, ESQ., *For the defendants/third-party plaintiffs.*

CAROL RICH, ESQ., *For the third-party defendants.*

GOMEZ, *Chief Judge*

564

## MEMORANDUM OPINION

(November 3, 2006)

Before the Court is FirstBank of Puerto Rico's ("FirstBank") motion for the enforcement of a judgment of the Superior Court of the Virgin Islands.[1]

### I. Facts

This matter was initiated by FirstBank against defendants Samuel and Joy Gittens (the "Gittens") in the Superior Court on May 24, 2004. The Gittens allegedly executed a note (hereinafter the "Note") pursuant to which they promised to repay the principal amount of $158,100 to Chase Manhattan Bank, JP Morgan Chase Bank (successor to the Chase Manhattan Bank Mortgage Corporation), and Chase Manhattan Bank Mortgage Corporation (collectively the "Chase Defendants").[2] The Note was secured with a mortgage, executed and delivered by the Gittens to the Chase Defendants.

FirstBank is now the holder of the Note. FirstBank alleged in its complaint that the Gittens failed to make the payments and are in default on the Note. FirstBank requested the following in a judgment: (a) judgment against the Gittens for all unpaid payments plus interest, (b) recognition of FirstBank's mortgage as a first priority mortgage, (c) a personal judgment against the Gittens, (d) possession of the property to FirstBank, (e) appointment of a receiver, (f) award of reasonable costs and fees to FirstBank, and (g) any other just and proper relief. The Gittens filed a counterclaim against FirstBank for breach of fiduciary duty and damages under the Restatement of Contracts and the Restatement of Torts.

---

[1] When this case was initiated, the court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to the Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, this opinion employs the term Superior Court.

[2] The Chase Defendants indicate in a motion to dismiss that the caption's reference to Chase Manhattan Bank Mortgage Corporation is mislabeled and should be labeled as Chase Manhattan Mortgage Corporation.

On June 17, 2004, the Gittens filed a third-party complaint against the Chase Defendants. The Gittens filed an amended third-party complaint against the Chase Defendants on February 16, 2005. In the amended third-party complaint, the Gittens assert claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, the Restatement (Second) Contracts, and the Restatement of Torts.

Specifically, the amended third-party complaint alleges that the Gittens deposited a Veteran Administration Guarantee Fee of $3,162 into an escrow account of the Chase Defendants "for the express[] purpose of procuring a Veteran Administration Loan Guaranty." The Chase Defendants then allegedly paid the money to the Department of Veteran Administration ("VA"). Yet, in a November 19, 2001, letter, the VA notified the Chase Defendants that the VA loan guarantee application had been cancelled. The letter stated that the closing of the mortgage loan between the Chase Defendants and the Gittens was done "in violation of the requirements as stated in the VA Lender's Manual ¶ 3" and the loan amount exceeded the maximum allowed by $3,812. The amended third-party complaint alleges this led to the VA's failure to issue a Certificate of Guaranty. The information in the November 19, 2001, letter was not communicated to the Gittens. The Gittens did not become aware that the Chase Defendants had failed to secure the VA loan guaranty until the commencement of the foreclosure by FirstBank. In the amended third-party complaint, the Gittens allege the Chase Defendants breached their fiduciary duty by failing to procure the VA Loan Guaranty. Additionally, the amended third-party complaint states causes of action for detrimental reliance, negligence, accounting, and damages.

FirstBank moved for summary judgment on the primary claims and on the Gittens' counterclaim. The Gittens filed a cross-motion for summary judgment.

On March 3, 2005, the Superior Court granted summary judgment in favor of FirstBank on the primary claims for debt and foreclosure. FirstBank was awarded judgment against the Gittens in the principal amount of $166,598.97, as of October 1, 2004, plus per diem interest of $33.19 from October 1, 2004, until the date of entry of judgment. Additionally, FirstBank received any and all amounts it may expend to protect the subject property plus attorneys fees and costs. The judgment

also ordered that the property be sold in a public sale by the Territorial Marshal.

Regarding the Gittens' counterclaim, the March 3, 2005, judgment denied FirstBank's motion for summary judgment and denied the Gittens' cross-motion for summary judgment.

On April 19, 2005, the Chase Defendants removed this case from the Superior Court to this Court. The notice of removal indicates it was removed pursuant to title 28, section 1441(b) of the United States Code.

FirstBank filed a Praecipe for Issuance of Writ of Execution in this Court on July 12, 2005. On August 24, 2005, FirstBank filed a motion asking this Court "to recognize the March 3, 2005, Superior Court judgment and to issue an order directing the U.S. Marshal to execute the judgment by attaching the real property subject thereto and disposing of it in accordance with the terms of the March 3, 2005 judgment."

On September 12, 2005, the Gittens filed a motion to modify the foreclosure judgment entered by the Superior Court. The Gittens want the order modified to allow for a stay of the execution of the March 3, 2005, judgment until all substantive issues are resolved.

## II. Discussion

Because FirstBank and Gittens are not diverse, and FirstBank's claim against Gittens contains no federal question, FirstBank could not have sued originally in federal court. As such, to the extent removal was defective, this Court may be deprived of jurisdiction. *Korea Exchange Bank v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir. 1995) ("We conclude therefore that an irregularity in removal of a case to federal court is to be considered 'jurisdictional' only if the case could not initially have been filed in federal court."). Accordingly, this Court must determine whether it has jurisdiction. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999) ("A federal court has the obligation to address a question of subject matter jurisdiction sua sponte."). Title 28, section 1441(a) of the United States Code provides the general circumstances under which a case may be removed from state to federal court:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

567

defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Title 28, section 1441(c) of the United States Code permits the defendant to remove the entire case when a federal claim is included in an otherwise nonremovable cause of action:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

While the amended third-party complaint alleges a claim involving a federal question against the Chase Defendants, the Circuits are split on whether section 1441(c) permits removal by a third-party defendant. *Compare Lewis v. Windsor Door Co.*, 926 F.2d 729, 733 (8th Cir. 1991) ("We do not ... believe § 1441(c) was intended to effect removal of a suit, not otherwise within federal jurisdiction, because of the introduction of a third-party claim." (internal quotations omitted)) and *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 465 (6th Cir. 2002) (holding that removal under section 1441(c) may only be done by the original defendant) *with Carl Heck Eng'rs, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133, 136 (5th Cir. 1980) ("If the third party complaint states a separate and independent claim which if sued upon alone could have been properly brought in federal court, there should be no bar to removal."); *see also Roxbury Condominium Ass'n, Inc. v. Anthony S. Cupo Agency*, 316 F.3d 224, 228 (3d Cir. 2003) (giving examples of courts that disagree on whether third-party defendants may properly remove a case); *Thomas v. Shelton*, 740 F.2d 478, 487-88 (7th Cir. 1984) ("Although satisfied that in the broad run of third-party cases, including this one, the third-party defendant cannot remove the case under section 1441(c), we hesitate to adopt a universal and absolute rule to that effect ... ."); *Ford Motor Credit Co. v. Aaron-Lincoln Mercury, Inc.*, 563 F. Supp. 1108, 1111 (N.D. Ill. 1983) (listing cases that demonstrate the split); 32A AM. JUR. 2D *Fed. Cts.* § 1644 ("The cases are 'hopelessly

divided' on whether and under what circumstances a third-party defendant may remove to a federal court."); Deborah Pearce Reggio, *Removal and Remand: A Guide to Navigating Between the State and Federal Courts*, 23 MISS. C.L. REV. 97, 130 (2004) (examining who may remove a case from state to federal court and noting the split); Heather R. Barber, *Developments in the Law: Federal Jurisdiction and Forum Selection: Removal and Remand*, 37 LOY. L.A. L. REV. 1555, 1568 n.96 (2004) (listing cases that demonstrate the split); Michael Massengale, *Riotous Uncertainty: A Quarrel with the "Commentators' Rule" Against Section 1441(c) Removal for Counterclaim, Cross-claim, and Third-Party Defendants*, 75 TEX. L. REV. 659, 667-76 (1997) (surveying the split case law).

The majority of the Courts of Appeals that have ruled on this issue have held that third-party defendants may not remove a case to federal court. *First Nat'l Bank of Pulaski*, 301 F.3d at 465; *Lewis*, 926 F.2d at 733; *Thomas*, 740 F.2d at 487-88. The trend is similar among district courts in circuits that have not yet decided the issue. *See, e.g., NCO Fin. Sys. v. Yari*, 422 F. Supp. 2d 1237, 1242 (D. Colo. 2006) ("Accepting the view of a majority of courts both within [the Tenth Circuit] and nationwide, recognizing the Court's duty to narrowly construe removal statutes, avoiding the potential for inconsistent judgments and acting in the interest of judicial economy, the Court finds that Third-Party Defendant CIGNA's Notice of Removal is improper."); *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 373 (S.D.N.Y. 2006) ("Not only have courts within this district uniformly upheld this rule, but other District Courts in the Second Circuit prohibit third party defendants from removing." (internal quotations omitted)); *Cross Country Bank v. McGraw*, 321 F. Supp. 2d 816, 822 (S.D. W. Va. 2004) (noting that the other courts in the Fourth Circuit have adopted the majority rule and holding that "a third-party defendant may not remove a case under § 1441(a)"); *Ciolino v. Ryan*, No. C03-1396 TEH, 2003 U.S. Dist. LEXIS 11639 (N.D. Cal. July 9, 2003) (noting that while the Ninth Circuit has yet to reach this "interesting question" of "whether third-party defendants are 'defendants' for the purposes of section 1441 and thus may remove cases to federal court ... the great weight of district court authority within this circuit indicates that third-party defendants lack such a right" (internal citations omitted)); *Fleet Bank-NH v. Engeleiter*, 753 F. Supp. 417, 419 (D.N.H. 1991) ("Congress intended to

narrow the right of removal when it deleted 'either party or anyone or more of the plaintiffs' from those who were authorized to petition for removal. The statute should therefore not be expanded to include third-party defendants, since they were not mentioned within the statute." (internal quotations omitted)). Commentators on federal jurisdiction also advocate the majority position. 1A J. MOORE & B. RINGLE, MOORE'S FEDERAL PRACTICE Para. 0.167[10] (2d ed. 1987); 14A C. WRIGHT, A. MILLER, & E. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D § 3724 at 388-91 (1985 & Supp. 1987).

"The Third Circuit has not yet decided ... whether a third-party defendant may properly remove under § 1441(c)." *Roxbury Condo. Ass'n, Inc.*, 316 F.3d at 228. The Third Circuit has discussed the issue in dicta, but it has not announced a position on the matter. One district court even certified the question to the Third Circuit, but no subsequent opinion was issued. *Bond v. Doig*, 433 F. Supp. 243 (D.N.J. 1977).

It should be noted that in *Thompson v. Wheeler*, 898 F.2d 406, 409 (3d Cir. 1990), the Third Circuit favorably discussed third-party removal. However, in that matter, the third-party defendant was a United States Marshal who had been involved in a multiple vehicle accident while working in the scope of his employment. The Court found it was properly removed under title 28, section 2679(d), of the United States Code—not section 1441(c). *Id.* The Court noted the disagreement among courts regarding whether section 1441(c) permits a third-party defendant to remove a case to federal court. *Id.* at 409 n.2. The Third Circuit distinguished the case by noting that "nothing in [section 2679] limits its application to cases in which the government employee was an original defendant and the inference we draw from 28 U.S.C. § 2679(c), that the Attorney General shall defend 'any civil action or proceeding brought in any court' against the employee, suggests that there is no such limitation." *Id.* at 409.

The Third Circuit was again confronted with this issue in *Cook v. Wikler*, 320 F.3d 431, 433 (3d Cir. 2003). In *Cook*, the original plaintiff, Deborah Cook ("Cook"), filed an action against John Palko ("Palko"), her apartment building manager, and Gerald Wikler ("Wikler"), the owner of the building. *Id.* Cook alleged Palko harassed her and Wikler was negligent in his supervision of Palko. *Id.* Palko filed a counter-claim against Cook and joined Police Officer Tonkinson ("Tonkinson") as a third-party defendant to his counter-claim. *Id.* Palko's claims against

Tonkinson included a federal civil rights claim under title 42, section 1983 of the United States Code. *Id.* Tonkinson removed the case to the federal district court, alleging the federal court had jurisdiction under title 28, sections 1331 and 1367 of the United States Code. *Id.*; *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). Palko filed a motion to remand "asserting that a joinder defendant's removal of a case is improper under the removal statutes." *Cook*, 320 F.3d at 433. The district court found removal improper under section 1441 and remanded the case. *Id.* at 434.

Tonkinson appealed the remand. *Id.* The Third Circuit held it lacked jurisdiction to hear an appeal of a remand order after the district court concluded that third-party defendants may not remove cases. *Id.* at 431. While the *Cook* Court noted that its "decision should not be read as endorsing the District Court's reading of 28 U.S.C. § 1441," the Court pointedly observed that the District Court "rel[ied] almost exclusively on the supposed 'presumption' in favor of remand, a questionable doctrine whose 'basis has never been very clearly explained.'" *Id.* at 436 n.6 (internal citations omitted).

While the Third Circuit has not ruled directly on the issue of third party removal, district courts within the Third Circuit have. Yet, there is no unanimity among those district courts. *See Hosp. of the Univ. of Pa. v. Bryant*, No. 01-CV-4873, 2002 U.S. Dist. LEXIS 2867, at *6 (E.D. Pa. Feb. 22, 2002) (noting it did not need to decide whether the third-party defendant could remove because this third-party defendant's claim was not separate and distinct); *Share v. Sears, Roebuck & Co.*, 550 F. Supp. 1107, 1108-09 (E.D. Pa. 1982) (noting third-party defendants are not "defendants" under 1441(c)). The District of New Jersey has been split on the issue. *Compare Patient Care, Inc. v. Freeman*, 755 F. Supp. 644, 646 (D.N.J. 1991) (noting the existing conflict on the issue within the District of New Jersey but holding that third-party defendants may remove if the claim is separate and independent but remanding to state court because the indemnity claim before the court was not a separate and independent claim), *with Kaye Ass'n v. Bd. of Chosen Freeholders-*

*County of Gloucester*, 757 F. Supp. 486, 487 (D.N.J. 1991) ("Having considered the arguments on both sides of the issue, we conclude that the better reasoned view is that third-party defendants do not have the right to remove cases to federal courts."); *see also Monmouth-Ocean Collection Serv., Inc. v. Klor*, 46 F. Supp. 2d 385, 388 (D.N.J. 1999) (describing the "decades-old split" in the district and holding that a third-party defendant may not remove). Despite the inconsistent cases in the past, the more recent decisions from district courts in this Circuit appear to follow the majority rule that a third-party defendant may not remove. *See, e.g., Monmouth-Ocean Collection Serv., Inc.*, 46 F. Supp. 2d at 388 (D.N.J. 1999); *Sterling Homes, Inc. v. Swope*, 816 F. Supp. 319, 327 (M.D. Pa. 1993).

The judicial landscape surrounding removal reveals no consensus regarding the question of whether a third party defendant may remove an action. Basic statutory construction principles, however, lend support to a limited view of the parties who may remove an action. Applying those principles, this Court must first look to the statute. *Singh v. Ashcroft*, 383 F.3d 144, 150 (3d Cir. 2004) ("The first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. ... If the statutory meaning is clear, our inquiry is at an end." (internal quotations omitted)). Upon review, this Court is convinced that section 1441(a), on its face, is unambiguous in limiting removal to the defendant. *See, e.g., Opnad Fund v. Watson*, 863 F. Supp. 328, 331 (S.D. Miss. 1994) ("The bare text of section 1441(a) mentions only defendants, not counter-defendants, as parties eligible to remove. ... Thus, on the statute's face, the rule that only the defendant may remove ... is unambiguous.").

Section 1441(c) similarly is unambiguous. It defines the breadth of claims that may be removed and includes among those claims independent removable claims joined with otherwise unremovable claims. Essentially, section 1441(c) avoids the fracturing that would occur if non-removable claims were required to remain in state court, when a defendant seeks removal of an action that also contains removable claims. *See Walker v. City of Collegedale*, 2004 U.S. Dist. LEXIS 27698, *22-23 (E.D. Tenn. Nov. 8, 2004) ("The plain legislative intent and purpose of § 1441(c) is to allow removal when a plaintiff or plaintiffs join multiple claims or causes [of] action together in a complaint, one of which supports removal jurisdiction because it raises a federal question that falls within the ambit

of federal question jurisdiction conferred on federal district courts under 28 U.S.C. § 1331.").

The absence of any mention in section 1441(c) of the parties that may remove does not mean that somehow *any* party may remove. Indeed, in limiting removal to the initial defendant against whom a plaintiff asserts a claim, this Court is guided by a review of the removal statute as a whole. *See Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 125 S. Ct. 460, 160 L. Ed. 2d 389 (2004) ("Statutory construction is a 'holistic endeavor.'"). Significantly, the only reference to a party who may remove in the removal statute is in section 1441(a), which limits removal to the defendant. The defendant to whom section 1441(a) refers has been strictly construed as the initial defendant or defendants against whom a plaintiff has asserted a claim. *See, e.g., Fleet Bank-NH v. Engeleiter*, 753 F. Supp. 417, 419 (D.N.H. 1991) ("[Section 1441(c)] should therefore not be expanded to include third-party defendants, since they were not mentioned within the statute." (citing *Thomas*, 740 F.2d at 486)).

Indeed, as other courts have explained, "the phrase 'the defendant or the defendants,' as used in § 1441(a), [must] be interpreted narrowly, to refer to defendants in the traditional sense of parties against whom the plaintiff asserts claims." *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462-463 (6th Cir. 2002); *see also Fed. Ins. Co.*, 422 F. Supp. 2d at 374 (citing *First Nat'l Bank of Pulaski* and comparing 28 U.S.C. § 1441 with 28 U.S.C. § 1452). While Congress could have broadened the reach of removal to all parties, it chose not to in section 1441. Compare 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant* or the *defendants* ... ." (emphasis added)); and 28 U.S.C. § 1446(a) ("A *defendant* or *defendants* desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal ... ." (emphasis added)); with 28 U.S.C. § 1452(a) ("A *party* may remove any claim or cause of action ... [related to a bankruptcy case]." (emphasis added)).

While a plaintiff must "defend" a counterclaim that presents a federal question and may also be identified as a defendant for purposes of a counterclaim, the plaintiff may not remove the action to federal court because the plaintiff is not a defendant in the initial underlying action. *See, e.g., Ballard's Serv. Ctr., Inc. v. Transue*, 865 F.2d 447, 449 (1st

573

Cir. 1989) ("Plaintiffs cannot remove, even when they are in the position of a defendant with regard to a counterclaim asserted against them.").

█ In sum, this Court declines to expand the scope of section 1441(a) by including third-party defendants within the definition of "defendant." Rather, in examining the language of section 1441(a), this Court holds that the phrase "the defendant or the defendants" refers only to the original defendants against whom a plaintiff has asserted a claim. *See, e.g., Sterling Homes, Inc.,* 816 F. Supp. at 327 ("[T]his court will follow the majority rule among courts and commentators that only first party defendants may remove an action to federal court.").

### III. Conclusion

For the reasons explained above, the Court finds that the removal by the Chase Defendants was improper. Accordingly, this matter will be remanded to the Superior Court. An appropriate order follows.